

# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                    GrantedPublicAccess   Logoff ALEXIS_SILSBE

## 1422-CC10231 - JEREMEY EDEN V CITY OF ST LOUIS ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case   Click here to Respond to Selected Documents   Sort Date Entries:   ○ Descending   ○ Ascending      Display Options:   [All Entries ▼]

---

**01/28/2015**   ☐   **Entry of Appearance Filed**

Entry of Appearance - City of St Louis; Electronic Filing Certificate of Service.
**Filed By:** ALEXIS LEE SILSBE
**On Behalf Of:** CITY OF ST LOUIS

**01/12/2015**   ☐   **Corporation Served**

Document ID - 14-SMCC-23671; Served To - VAUGHAN, RONALD; Server - REGINALD, JOHNSON, SERVICE DEPUTY; Served Date - 09-JAN-15; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - BRIDGET YATES/PARALEGAL

☐   **Corporation Served**

Document ID - 14-SMCC-23885; Served To - CHANDLERS, KYLE; Server - REGINALD, JOHNSON, SERVICE DEPUTY; Served Date - 09-JAN-15; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - BRIDGET YATES/PARALEGAL

**01/09/2015**   ☐   **Corporation Served**

Document ID - 14-SMCC-23669; Served To - ST LOUIS POLICE DEPARTMENT; Server - REGINALD, JOHNSON, SERVICE DEPUTY; Served Date - 08-JAN-15; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - BRIDGET YATES/PARALEGAL

**01/08/2015**   ☐   **Corporation Served**

Document ID - 14-SMCC-23668; Served To - CITY OF ST LOUIS; Server - F PARKER, SERVICE DEPUTY; Served Date - 07-JAN-15; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - GWEN MARSHALL/CLERK

**12/29/2014**   ☐   **Alias Summons Issued**

Document ID: 14-SMCC-23885, for CHANDLERS, KYLE.

**12/22/2014**   ☐   **Note to Clerk eFiling**

**Filed By:** SAMUEL HENDERSON

☐   **Alias Summons Requested**

Memo.
**Filed By:** SAMUEL HENDERSON
**On Behalf Of:** JEREMEY EDEN

☐   **Summons Issued-Circuit**

Document ID: 14-SMCC-23671, for VAUGHAN, RONALD.

☐   **Summons Issued-Circuit**

Document ID: 14-SMCC-23669, for ST LOUIS POLICE DEPARTMENT.



EXHIBIT

A

☐ **Summons Issued-Circuit**

Document ID: 14-SMCC-23668, for CITY OF ST LOUIS.

**12/18/2014**   ☐ **Note to Clerk eFiling**

NOTE TO CLERK EFILING
**Filed By:** SAMUEL HENDERSON

☐ **Memorandum Filed**

MEMORANDAUM
**Filed By:** SAMUEL HENDERSON
**On Behalf Of:** JEREMEY EDEN

**12/16/2014**   ☐ **Jury Trial Scheduled**

**Scheduled For:** 06/22/2015;  9:00 AM ;  BRYAN L HETTENBACH;  City of St. Louis

**12/14/2014**   ☐ **Memorandum Filed**

Memo.
**Filed By:** SAMUEL HENDERSON
**On Behalf Of:** JEREMEY EDEN

**12/08/2014**   ☐ **Judge/Clerk - Note**

SUMMONS NOT ISSUED DUE TO INSUFFICIENT SHERIFF FEES OF 144.00 OR A REQUEST FOR SPECIAL
PROCESS SERVER REQUEST PLEASE MAKE THE SERVICE MEMORANUM TO THE ATTENTION OF CIVIL CASE
INITIATION DEPARTMENT

**12/07/2014**   ☐ **Filing Info Sheet eFiling**

**Filed By:** SAMUEL HENDERSON

☐ **Pet Filed in Circuit Ct**

Complaint.
**Filed By:** SAMUEL HENDERSON
**On Behalf Of:** JEREMEY EDEN

☐ **Judge Assigned**

**1422-CC10231**

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| JEREMEY EDEN, | ) |
| | ) Case No._____ |
|         Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| RONALD VAUGHAN; KYLE CHANDLERS; | ) |
| CITY OF ST. LOUIS; ST. LOUIS | ) |
| METROPOLITAN POLICE DEPARTMENT; | ) |
| and JOHN DOES 1-2. | ) |
| | ) |
|         Defendants. | ) |

<u>COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS and DAMAGES</u>

COMES NOW Plaintiff Jeremey Eden ("Eden"), by and through his undersigned

attorney, and for his Complaint, states to the Court as follows:

<u>INTRODUCTION</u>

     This civil rights action arises under 42 U.S.C. § 1983, the Fourth, Fifth and

Fourteenth Amendments to the United States Constitution.  State tort claims are also

raised herein on the same allegations giving rise to the federal constitutional claims.

Plaintiff Eden seeks compensatory damages, punitive damages, costs and

reasonable attorney's fees.  Mr. Eden brings this civil rights action because he was

deprived of his constitutional rights when law enforcement officials conducted an illegal

search and seizure upon his person, falsely arrested him without probable cause,

fabricated evidence and submitted false testimony against him, and failed to investigate

the said misconduct.  Further, Plaintiff Eden brings this civil action against the law

1



Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

enforcement officials pursuant to RSMo § 516.130.

JURISDICTION AND VENUE

1.  Jurisdiction is proper pursuant to RSMo § 478.070.

2.  Venue is proper pursuant to RSMo § 508.010 *et seq.*

3.  The incident giving rise to this litigation occurred near the intersection of Blair and Penrose, City of St. Louis, Missouri 63107 and at the police headquarter in the City of St. Louis.  Therefore, venue is proper in the City of St. Louis, Twenty-Second Judicial Circuit.

PARTIES

4.  Plaintiff Eden is a citizen of the United States and a resident of the City of St. Louis, Missouri.

5.  Defendant Ronald Vaughan ("Defendant Vaughan") was at all times relevant herein employed as a police officer in the St. Louis Metropolitan Police Department and acted under the color of state law and within the scope of his duties.  Upon information and belief, Defendant Vaughan is a resident of the State of Missouri.  Defendant Vaughan is being sued in his individual and official capacity.

6.  Defendant Kyle Chandler ("Defendant Chandler") was at all times relevant herein employed as a police officer in the St. Louis Metropolitan Police Department and acted under the color of state law and within the scope of his duties.  Upon information and belief, Defendant Chandler is a resident of the State of Missouri.  Defendant Chandler is being sued in his individual and official capacity.

2

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

7.   Defendant, the City of St. Louis (hereinafter "City"), is a municipal organization authorized by the laws of the State of Missouri.  For the purposes of this action and in said capacity, Defendant City is responsible for and administers the St. Louis Metropolitan Police Department ("SLMPD"), which in turn promulgates policies and practices for patrolling and policing the areas of the City of St. Louis, including but not limited to the area near Blair and Penrose in the City of St. Louis.  Defendant City and Sam Dotson, as chief of the SLMPD, runs, operates, oversees, administers, supervises, and are otherwise responsible for the conduct of SLMPD officers and employees, including both acts and omissions of SLMPD officers.

8.   The City possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual officers of the SLMPD, and to assure that said actions, policies, rules, regulations, practices and procedures of the SLMPD and its employees comply with the laws and constitutions of the United States and of the State of Missouri.

9.   At all times relevant herein, SLMPD is a municipal organization authorized by the laws of the State of Missouri.  Upon information and belief, SLMPD is located in this judicial district.

10. Plaintiff is unaware of the true names and titles of defendants sued herein John Does 1 through 2, and therefore sues these defendants by such fictitious names.

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

Plaintiff will amend this complaint to allege their true names and titles when they are ascertained.  Plaintiff alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and the cause of Plaintiff's injuries by the acts and/or omissions of said fictitiously named defendants.  Defendants John Does 1-2 were acting under the color of law, statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

11. At all times relevant herein, Plaintiff believes and alleges that Defendants John Does 1-2 were officers, supervisors, civilian employees, agents, and/or representatives of SLMPD.  Said Defendants are sued individually and in their official capacities.

<u>FACTS COMMON TO ALL ACTIONS</u>

12.  On December 6, 2011, Plaintiff Eden was driving southbound on Blair Avenue when he observed a police vehicle following the vehicle he was operating.

13.  Shortly after pulling behind Plaintiff Eden's vehicle, the individuals in the police vehicle activated the emergency roof lights.

14.  Plaintiff Eden then steered the vehicle towards the right curb and parked on or about 3900 Blair Avenue in the City of St. Louis, Missouri.

15.  Upon parking the vehicle, Plaintiff Eden observed two individuals exiting the police vehicle and approaching the parked vehicle.

16.  The first individual approaching the driver's side of the parked vehicle was

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

St. Louis police officer, Defendant Vaughan, who Plaintiff Eden knew from a previous occasion.

17.   In or around November 2011, Defendant Vaughan approached Plaintiff Eden and alleged that several individuals ran away from the police.

18. When Plaintiff Eden and his friends denied running away from the police, Defendant Vaughan made a verbal threat that he did not want to see them again in the neighborhood.

19.  On December 16, 2011, however, Plaintiff Eden was in the neighborhood and was operating a vehicle on a public roadway when he was stopped by the police.

20.  During the stop, Defendant Kyle Chandler ("Chandler") was the second individual approaching the passenger side of Plaintiff Eden's parked vehicle.

21.  When Defendant Vaughan recognized Plaintiff Eden in the stop, he falsely accused Plaintiff Eden of having a strong order of marijuana in the vehicle.

22.  Shortly thereafter, Defendant Vaughan ordered Plaintiff Eden outside of the parked vehicle.

23.  While complying with Defendant Vaughan's order, Plaintiff asked Defendant Vaughan why he was being stopped by the police.

24.  Without providing Plaintiff Eden with an explanation, Defendant Vaughan further ordered Plaintiff Eden to step outside and lend against the parked vehicle.

25.  Defendant Vaughan then proceeded to conduct a pat down search on Plaintiff Eden while Defendant Chandler stood nearby.

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

26.  As Defendant Vaughan searched Plaintiff Eden, Defendant Vaughan deliberately dropped a small knotted plastic bag from his hand as if the small knotted plastic bag belonged to Plaintiff Eden.

27.  Defendant Vaughan planted the small knotted plastic bag near Plaintiff Eden and began wrongfully accusing Plaintiff Eden of possessing the small knotted plastic bag.

28.  Plaintiff Eden truthfully denied that the small knotted plastic bag was his and pleaded with Defendant Vaughan not to frame him for drug charges.

29.  Despite Plaintiff Eden's plea, Defendant Vaughan violently grabbed and and twisted Plaintiff Eden's arm while placing Plaintiff Eden under arrest.  Defendant Vaughan informed Plaintiff Eden that he was being arrested for Possession of Controlled Substance.  The substance in the small knotted plastic bag was later found to be Alprazolam, an anti-anxiety medication requiring prescription.

30.  Plaintiff Eden was then placed in handcuffs where he continued to plea with Defendants Vaughan and Chandler not to arrest him on false charges.

31.  A short time later, other police officers arrived at the scene.  When Plaintiff Eden began informing the other police officers that he was being framed with false charges, Defendant Chandler grabbed and forced Plaintiff Eden to the ground.

32.  Defendant Chandler then falsely told other police officers that Plaintiff Eden tried to strike him.

33.  Defendant Chandler then pulled Plaintiff Eden up and escorted him to the rear of a police van.  Plaintiff Eden was placed inside the police van.

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

34.  While in the police van, Defendant Chandler approached Plaintiff Eden and indicated that he would not tow the parked vehicle if Plaintiff Eden agrees to sign the refusal of medical care and towing forms.

35.  Plaintiff Eden was escorted to the police station where he was booked on the following false charges: Assault 3rd degree on Law Enforcement Officer, Resisting Arrest and Possession of a Controlled Substance.

36.  At the police station, Plaintiff Eden asked John Doe 1, a police officer in the booking room if he could speak with a supervisor to make a formal complaint against Defendants Vaughan and Chandler concerning the false charges against him.

37.  John Doe 1 told Plaintiff Eden that he had to make any complaints against the Defendants when he is not in jail.  At that time, Plaintiff Eden pleaded with John Doe 1 to allow him to report the false arrest.  However, Plaintiff Eden's pleas were denied by John Doe 1.

38.   When Plaintiff Eden was placed in a holding cell at the police station, he again requested to speak with someone to report the false arrest.   While in the holding cell, Plaintiff Eden informed John Doe 2, a jail worker that he was falsely arrested and wanted to speak someone.  However, John Doe 2 disregarded his requests.

39.  Consequently, John Does 1 and 2 took no steps to report the false arrest of Plaintiff Eden or provide Plaintiff Eden with the opportunity to report it to internal affairs or the appropriate officials.  Plaintiff Eden was seen crying and in severe distress even though John Does 1 and 2 failed to intervene while Plaintiff Eden was in their custody

7

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

and control.

40.  As a result of Defendants' action and inaction, Plaintiff Eden suffered

significant damages, including, but not limited to, loss of liberty spending months in

jail and emotional distress.

COUNT I
(FALSE ARREST)
VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION
ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
AGAINST DEFENDANTS VAUGHAN AND CHANDLER

41.  Plaintiff Eden realleges and incorporates by reference, as though fully

contained herein, the allegations set forth in paragraphs 1 through 40, above.

42.  The Fourth Amendment provides: "The right of the people to be secured in

their persons . . . papers, and effects, against unreasonable searches and seizures,

shall not be violated . . . but upon probable cause . . . ."

43.  Defendants' actions violated the Fourth Amendment to the U.S. Constitution,

which prohibits arrest without probable cause. Acting individually and in concert,

Defendants- through their own actions- planted drug on and asserted false assault and

resisting charges against Plaintiff Eden and illegally arrested him.

44.  As a result of Defendants' action, Plaintiff Eden was falsely arrested for

crimes he did not commit.  Defendants' drug planting and fabricating charges violated

clearly established law; no reasonable police officer would believe that these actions were

lawful.

45.  The acts and/or omissions of each of the Defendants named in this Count were

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

committed with deliberate indifference to Plaintiff Eden's constitutional rights, which

were the legal and proximate cause of Eden's injuries as described herein.

COUNT II
(FALSE ARREST)
VIOLATIONS OF ARTICLE I, SECTION 15 OF THE MISSOURI CONSTITUTION
ACTIONABLE DIRECTLY AND PURSUANT TO RSMo § 516.130
AGAINST DEFENDANTS VAUGHAN AND CHANDLER

46. Plaintiff Eden realleges and incorporates by reference, as though fully

contained herein, the allegations set forth in paragraphs 1 through 40, above.

47. Article I, Section 15 of the Missouri Constitution provides: "That the people

people shall be secured in their persons, papers, homes and effects, from unreasonable

searches and seizures, and no warrant to search any place, or seize any person . . . without

probable cause . . . ."

48. Defendants' actions violate the Missouri Constitution, which prohibits arrest

without probable cause. Acting individually and in concert, Defendants- through their

own actions- planted drug on and asserted false assault and resisting charges against

Plaintiff Eden and illegally arrested him.

49. As a result of Defendants' actions, Plaintiff Eden was falsely arrested for

crimes he did not commit. Defendants' drug planting and fabricating charges clearly

established law; no reasonable police officer would believe that these actions were

lawful.

50. The acts and/or omissions of each of the Defendants named in this Count were

committed with deliberate indifference to Plaintiff Eden's constitutional rights, which

9

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

were the legal and proximate cause of Eden's injuries as described herein.

COUNT III
(FABRICATION OF EVIDENCE)
VIOLATION OF FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS
ACTIONABLE PURSUANT TO 42 U.S.C § 1983
AGAINST DEFENDANTS VAUGHAN AND CHANDLER

51.  Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

52.  The Fourteenth Amendment to the United States Constitution encompasses a substantive component.  This portion of the Fourteenth Amendment prohibits the deprivation of individual's life, liberty or property without due process of law.

53.  Defendants Vaughan and Chandler deprived Plaintiff Eden of his liberty when they arrested him after manufacturing false evidence against him that led to his confinement for crimes he did not commit.

54.  Defendants – through their own actions – violated clearly established law; no reasonable police officer would believe that these actions were lawful.

55.  The acts and/or omissions of each of the Defendants named in this Count were committed with deliberate indifference to Plaintiff Eden's constitutional rights, which were the legal and proximate cause of Eden's injuries as described herein.

COUNT IV
(FABRICATION OF EVIDENCE)
VIOLATION OF ARTICLE I, SECTION 10 - SUBSTANTIVE DUE PROCESS
ACTIONABLE PURSUANT TO RSMo § 516.130
AGAINST DEFENDANTS VAUGHAN AND CHANDLER

56.  Plaintiff Eden realleges and incorporates by reference, as though fully

10

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

contained herein, the allegations set forth in paragraphs 1 through 40, above.

57.  Article I, Section 10 of the Missouri Constitution encompasses a substantive component.  This portion of the Missouri Constitution prohibits the deprivation of individual's life, liberty or property without due process of law.

58.  Defendants Vaughan and Chandler deprived Plaintiff Eden of his liberty when they arrested him after manufacturing false evidence against him that led to his confinement for crimes he did not commit.

59.  Defendants – through their own actions – violated clearly established law; no reasonable police officer would believe that these actions were lawful.

60.  The acts and/or omissions of each of the Defendants named in this Count were committed with deliberate indifference to Plaintiff Eden's constitutional rights, which were the legal and proximate cause of Eden's injuries as described herein.

COUNT V
CONSPIRACY TO VIOLATE CIVIL RIGHTS
ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
AGAINST DEFENDANTS VAUGHAN AND CHANDLER

61.  Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

62.  A civil conspiracy is a combination of two or more person acting in concert to commit an individual act.  The principal element of the conspiracy are an agreement between the parties to inflict a wrong against another, and an overt act that results in damage.

63.  Defendants in this Count, acting within the scope of their employment and

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

under color of law, agreed among themselves with other individuals to act in concert to deprive Plaintiff Eden of his clearly established federal and state constitutional rights, as alleged above.

64.  In furtherance of the conspiracy, Defendants Vaughan and Chandler engaged in an facilitated numerous overt acts, including, without limitation, the following:

    i.    Defendant Vaughan planted drugs on (i.e. deliberately fabricated evidence against) Plaintiff Eden and then Defendant Chandler in concert proceeded to assert false assault and resisting charges against Plaintiff Eden.

    ii.    The individual Defendants continued to lie to prosecutors regarding Plaintiff Eden's purported guilt.  Defendant Chandler filed a police report with false charges and allegations.  The individual Defendants falsely testified at a court hearing regarding the alleged drugs in Plaintiff Eden's possession.

65.  As a result of Defendants' conspiracy and actions in furtherance thereof, Plaintiff Eden was falsely incarcerated and suffered numerous other injuries – all for crimes he did not commit.  But for Defendants' conduct – their own actions or the lack thereof – Plaintiff Eden would not have endured these serious injuries and violations of his constitutional rights.

COUNT VI
MALICIOUS PROSECUTION
ACTIONABLE PURSUANT TO RSMo § 516.130
AGAINST DEFENDANTS VAUGHAN AND CHANDLER

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

66.  Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

67.   As more fully set forth above, Defendants Vaughan and Chandler willfully, unlawfully, and maliciously caused the commencement and/or continuation of a baseless prosecution against Plaintiff Eden without probable cause, and, as result of this prosecution, Plaintiff Eden suffered significant damages.

68.  Defendants Vaughan and Chandler continued to allege false and baseless charges against Plaintiff Eden to the extent that they provided false testimony in a pre-trial defense motion hearing on or about September 24, 2013.

69.  Plaintiff Eden's defense attorney filed a motion to suppress the fabricated evidence against Plaintiff Eden.

70.  The Honorable Circuit Judge John Garvey heard the motion to suppress and ruled to suppress the drug evidence from the arrest of Plaintiff Eden.

71.  In the Court's ruling, the Honorable Circuit Judge John Garvey found that the "credibility of police officer is questionable and therefore Court grants [Jeremey Eden's] motion to suppress granted."

72.  After the Court's ruling, the State prosecutor entered a Memorandum of Nolle Prosequi as to Count I: Possession of Controlled Substance Alprazolam and Count II: 3rd degree Assault on Law Enforcement Officer.

73.  Further, the State prosecutor refused to issue on the Resisting Arrest charge.

74.   As a result, the criminal proceedings terminated in Plaintiff Eden's

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

favor on September 24, 2013 when the State elected not to proceed with charges.

75.  The acts and/or omissions of each of the Defendants named in this Count were the legal and proximate cause of Plaintiff Eden's injuries as described herein.

COUNT VII
(RECKLESS OR INTENTIONAL FAILURE TO INVESTIGATE OR REPORT  THE MISCONDUCT) VIOLATION OF THE FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS
ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
AGAINST DEFENDANTS JOHN DOES 1 AND 2

76.  Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

77.  As more fully set forth set above, Defendants John Does 1 and 2 at the police station failed to investigate or report the misconduct that Plaintiff Eden told them.

78.  Defendants John Does 1 and 2 recklessly and/or intentionally failed to provide Plaintiff Eden with the means to report the misconduct to the appropriate officials at the police station.  Despite Plaintiff Eden's repeated requests, Defendants John Doe 1 and 2 dismissed Plaintiff Eden's pleas for assistance while Plaintiff Eden was within their care, control and custody.

79.  The acts and/or omissions described herein were committed with deliberate indifference to Plaintiff Eden's constitutional rights.

80.  The acts and/or omissions described herein violated Plaintiff Eden's right to substantive due process.

81.  The failure to investigate or report the misconduct described in this Count

14

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

caused the continued prosecution of Plaintiff Eden despite his obvious innocence.

82.  The acts and/or omissions of each of the Defendants named in this Count were were the legal and proximate cause of Plaintiff Eden's injuries as described herein.

COUNT VIII
(MONELL MUNICIPAL LIABILITY)VIOLATION OF CONSTITUTIONAL RIGHTS
ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
AGAINST CITY AND SLMPD

83.   Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

84.  The City and SLMPD as municipal entities, through its law enforcement officers, encouraged, aided and abetted the constitutional violations described above.

85.  The constitutional violations described above constituted "policy and practices" of the Defendants in this Count.

86.  At the time of these constitutional violations, Defendants had ratified customs and practices, which permitted and encouraged their police officers to unjustifiably, unreasonably and unlawfully arrest persons without probable cause in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Missouri Constitution.

87.  Said customs and practices also called for the City and SLMPD not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents and complaints of false arrest, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false testimony in court proceeding to cover-up and conceal such wrongful

15

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

conduct by police officers of the SLMPD.  Specifically, Plaintiff Eden while in police custody was denied the opportunity to report police misconduct and was ignored by personnel.

88.  Further, the said customs and practices called for City and SLMPD to fail to objectively and/or independently investigate or in any way deal with or respond claims of false arrests and police misconduct. Specifically, Police Chief Sam Dotson stated in the Saint Louis Post-Dispatch that there would be an internal affairs investigation concerning Plaintiff Eden's arrest.  However, as of today, no one has contacted Plaintiff Eden to conduct a thorough investigation.

89.  Said customs and practices also called for and led to the refusal of said Defendants to investigate complaint of previous incidents of false and unlawful arrests, the filing of false police reports to conceal such misconduct, the falsification of evidence and perjury and, instead, allowing Defendants to continue serving as officers in the community.

90.  Upon information and belief, at least one or more citizens,  have asserted allegations that Defendant Vaughan made false arrest without probable cause.

91.  The policies, practices, and customs described in this Count were adopted prior to the arrest of Plaintiff Eden and with deliberate indifference to Plaintiff Eden's constitutional rights and the rights of those similarly situated.

92.  Defendants are accountable under 42 U.S.C. § 1983  also because they, through its law enforcement officers, were deliberately indifferent to an obvious

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

need to train the Defendants Vaughan, Chandler, John Doe 1 and John Doe 2, respectively, to avoid constitutional violations arising from inadequate training pertaining to the lawful making of arrests, police ethics, the law pertaining to search and seizures, reporting police misconduct, testifying in trial and perjury, the collection of evidence, and the preparation of the police reports.

93.   The Defendants named in this Count disregarded the obvious need for training on these matters and continued to retain and adhere to the constitutionally deficient training programs.  This continued retention and adherence to constitutionally deficient training programs despite an obvious need for training was carried out with a deliberate indifference to the rights of Plaintiff Eden and those similarly situated.

94.   The acts and/or omissions of each of the Defendants named in this Count were the legal and proximate cause of Plaintiff Eden's injuries as described herein.

COUNT IX
(ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
AGAINST ALL DEFENDANTS

95.   Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 94, above.

96.   Defendants, in engaging in the aforementioned conduct intended to cause Plaintiff Eden emotional distress and/or acted with reckless disregard of the likelihood that Plaintiff would suffer emotional distress.

97.   Defendants' conduct was a substantial factor in causing Plaintiff Eden to suffer and to continue to suffer from severe emotional distress, mental pain, anguish,

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

embarrassment, humiliation, and psychological disturbance.  Plaintiff Eden has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's jurisdiction.

98.  The aforementioned acts of said Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to individual Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eden respectfully prays that this Court will:

a.  assume jurisdiction of this cause to determine this controversy and case for hearing on the merits;

b.  award compensatory and actual damages to Plaintiff Eden, and against the Defendants, jointly and severally, in the amount in excess of $1.000,000.00;

c.  award punitive damages to Plaintiff Eden and against Defendants except against the municipal Defendants, in the amount in excess of $1,000,000.00;

d.  award to Plaintiff Eden his costs and attorney fees, pre-judgment interest, post-judgment interest, all other damages allowed by law; and such other and further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff Eden demands trial by jury as to all issues so triable.

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

December 6, 2014

Respectfully submitted,
/s/ Samuel Henderson_____
Samuel Henderson, MO Bar #56330
Attorney for Plaintiff Jeremey Eden
Henderson Law Firm
1027 S. Vandeventer Avenue, 6th floor
Saint Louis, Missouri 63110
314-775-9798
Hendersa85@hotmail.com

## CERTIFICATE OF SERVICE

I, Samuel Henderson, hereby certify that on this 6th day of December, 2014, a true and correct copy of the foregoing was sent electronically through casenet to the Defendants.

/s/ Samuel Henderson

Electronically Filed - City of St. Louis - December 14, 2014 - 08:44 PM

1027 S. Vandeventer Avenue                                    Tel: 314-399-8266
Saint Louis, Missouri 63110                                   Fax: 314-399-8265

## HENDERSON LAW FIRM

December 14, 2014


Re: Summons in Eden v. City of St. Louis 1422-CC10231

Dear Civil Case Initiation Department:

I am writing to request for the issuance of summons in the above matter.  Additionally, I am writing to determine what amount I need to pay for the summons and where do I make the payment.

According to Rule 54.01, the clerk shall issue summons upon filing a pleading requiring service of process.  Further, the filing fees page on casenet provides per Supreme Court Rule 103.10:

> Upon acceptance of the petition or application for summons/garnishment the clerk prepares the necessary documents for service. The summons/garnishment and any other necessary documents are sent to the attorney requesting the service document(s) by an e-mail containing a link for the filer to print the summons and pleadings to deliver to the sheriff or special process server. After printing the necessary documents, the attorney must take the documents to the appropriate sheriff or special process server with the correct fee for service. The collection of sheriff's fees will be up to each individual court. The attorney should contact the court in which they are eFiling for specific information regarding sheriff's fees. You may need a separate check for the service fees.

As a result, I electronically filed the Petition with only the petition fee.  I was waiting for the issuance of summons so I can deliver and them to the City of St. Louis Sheriff's Office with the appropriate fees.  If there is another procedure I need to follow, please let me know.


Sincerely,

Samuel Henderson

Samuel Henderson, Bar No. 56330



Electronically Filed - City of St. Louis - December 18, 2014 - 10:48 AM

1027 S. Vandeventer Avenue                                Tel: 314-399-8266
Saint Louis, Missouri 63110                               Fax: 314-399-8265

# HENDERSON LAW FIRM

December 18, 2014

Re: Summons Memo with exact addresses to serve Defendants

Dear Civil Case Initiation Department:

I am sending this letter to request for summons in the case, Jeremey Eden v. City of St. Louis, cause no. 1422-CC10231.  In the case, there are four Defendants.  As a result, I am submitting payment of $144.00.

Also, I noticed the parties' names and addresses on casenet are incorrect.  Therefore, I have included the exact addresses and names of the four Defendants below:

1) **City of St. Louis**

   Serve to Mayor Francis Slay
           1200 Market, Room 200
           St. Louis, Missouri 63103

2) **St. Louis Metropolitan Police Department**

   Serve to Chief Sam Dotson
           1915 Olive Street
           St. Louis, Missouri 63103

3) **Officer Ronald Vaughan**

   Serve to his employment:
           1915 Olive Street
           St. Louis, Missouri 63103

4) **Officer Kyle Chandler**

   Serve to his employment:
           1915 Olive Street
           St. Louis, Missouri 63103

Sincerely,

*Samuel Henderson*



EXHIBIT
D

Electronically Filed - City of St. Louis - December 22, 2014 - 03:26 PM

1027 South Vandeventer Avenue,                           Tel.  314-399-8266
6th Floor
Saint Louis, Missouri 63110                              Fax. 314-399-8265

## HENDERSON LAW FIRM

December 22, 2014

Circuit Clerk Schweitzer
Twenty-Second Circuit Court
10 N. Tucker
St. Louis, Missouri 63101

Re: Request of summons issued to Defendant Kyle Chandler in matter, 1422-CC10231

Dear Circuit Clerk Schweitzer:

Thank you for the summons issued to Defendants City of St. Louis, St. Louis Metropolitan
Police Department and Ronald Vaughan.

The fourth summons was issued to my client Jeremey Eden; however, it should be issued to
Defendant Kyle Chandler at his employer, St. Louis Metropolitan Police Department, 1915 Olive
Street, St. Louis, Missouri 63103.

If you have any questions or need additional information, please contact me.


Sincerely,


Samuel Henderson, 56330





# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>PHILIP HEAGNEY | **Case Number: 1422-CC10231** |
| Plaintiff/Petitioner:<br>JEREMEY EDEN | Plaintiff's/Petitioner's Attorney/Address<br>SAMUEL   HENDERSON<br>10 S BROADWAY<br>STE 2000 |
| vs. | SAINT LOUIS, MO  63102 |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD |
| Nature of Suit:<br>CC Other Tort | SAINT LOUIS, MO  63101 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **RONALD VAUGHAN**
**Alias:**

POE ST LOUIS POLICE DEPT
1915 OLIVE
SAINT LOUIS, MO  63103



*COURT SEAL OF*

*CITY OF ST LOUIS*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**December 22, 2014**
    Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                                 Date                               Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( ____miles @ $ ._____per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT**

**F**



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>PHILIP HEAGNEY | Case Number: 1422-CC10231 |
|---|---|
| Plaintiff/Petitioner:<br>JEREMEY EDEN | Plaintiff's/Petitioner's Attorney/Address<br>SAMUEL   HENDERSON<br>10 S BROADWAY<br>STE 2000 |
| vs. | SAINT LOUIS, MO  63102 |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD |
| Nature of Suit:<br>CC Other Tort | SAINT LOUIS, MO  63101 |

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to: | ST LOUIS POLICE DEPARTMENT<br>Alias: |
|---|---|

C/O CHEIF SAM DOTSON
1915 OLIVE ST
SAINT LOUIS, MO  63103



*COURT SEAL OF*

*CITY OF ST LOUIS*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**December 22, 2014**
Date

*M. Jane Schweitzer*
M. Jane Schweitzer
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                                    Date                                              Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ . _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT
G



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>PHILIP HEAGNEY | Case Number: 1422-CC10231 |
|---|---|
| Plaintiff/Petitioner:<br>JEREMEY EDEN | Plaintiff's/Petitioner's Attorney/Address<br>SAMUEL   HENDERSON<br>10 S BROADWAY<br>STE 2000<br>SAINT LOUIS, MO  63102 |
| **vs.** | |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  CITY OF ST LOUIS
Alias:

MAYOR FRANCIS SLAY
MAYOR'S OFFICE
1200 MARKET CITY HALL ROOM 200
SAINT LOUIS, MO 63103

*COURT SEAL OF*



*CITY OF ST LOUIS*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

December 22, 2014                                    *M. Jane Schweitzer*
        Date                                    M. Jane Schweitzer
                                 Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
       Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

             Subscribed and sworn to before me on _____ (date).

*(Seal)*      My commission expires: _____          _____
                             Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( ____miles @ $ ._____per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT
H



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>PHILIP HEAGNEY | **Case Number:  1422-CC10231** |
| Plaintiff/Petitioner:<br>JEREMEY EDEN<br><br>**vs.** | Plaintiff's/Petitioner's Attorney/Address<br>SAMUEL   HENDERSON<br>10 S BROADWAY<br>STE 2000<br>SAINT LOUIS, MO  63102 |
| Defendant/Respondent:<br> CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## ALIAS Summons in Civil Case

The State of Missouri to:  **KYLE CHANDLERS**
Alias:

**ST LOUIS METRO POLICE DEPT**
**1915 OLIVE STREET**
**SAINT LOUIS, MO  63103**

*COURT SEAL OF*



*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**DECEMBER 29, 2014**
Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                _____
Printed Name of Sheriff or Server                                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____            _____
Date                                                                      Notary Public

---

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( ____miles @ $ ._____per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT
I

Electronically Filed - City of St. Louis - January 28, 2015 - 11:32 AM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**[ST. LOUIS CITY]**

| | | |
|---|---|---|
| **JEREMY EDEN,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **Case No. 1422-CC10231** |
| **v.** | ) | |
| | ) | **Division 1** |
| **CITY OF ST. LOUIS et al.,** | ) | |
| | ) | |
| DEFENDANTS. | ) | |

<u>**ENTRY OF APPEARANCE**</u>

COMES NOW Assistant City Counselor Alexis L. Silsbe and hereby enters her appearance as counsel of record for Defendant City of St. Louis.

Respectfully submitted,
WINSTON CALVERT,
CITY COUNSELOR


By:  /s/ Alexis L. Silsbe

Alexis L. Silsbe #64637
Assistant City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4621
Fax: 314-622-4956
SilsbeA@stlouis-mo.gov
**ATTORNEY FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

A copy of the foregoing was filed electronically on January 28, 2015 using the court's e-filing system and thereby served upon all attorneys of record.

_____/s/ Alexis L. Silsbe_____

