IN THE CIRCUIT COURT OF ST. LOUIS CITY
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| JEREMEY EDEN, ) | |
| ) | Case No._____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| RONALD VAUGHAN; KYLE CHANDLERS; ) | |
| CITY OF ST. LOUIS; ST. LOUIS ) | |
| METROPOLITAN POLICE DEPARTMENT; ) | |
| and JOHN DOES 1-2. ) | |
| ) | |
| Defendants. ) | |

<u>COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS and DAMAGES</u>

COMES NOW Plaintiff Jeremey Eden ("Eden"), by and through his undersigned attorney, and for his Complaint, states to the Court as follows:

INTRODUCTION

This civil rights action arises under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. State tort claims are also raised herein on the same allegations giving rise to the federal constitutional claims. Plaintiff Eden seeks compensatory damages, punitive damages, costs and reasonable attorney's fees. Mr. Eden brings this civil rights action because he was deprived of his constitutional rights when law enforcement officials conducted an illegal search and seizure upon his person, falsely arrested him without probable cause, fabricated evidence and submitted false testimony against him, and failed to investigate the said misconduct. Further, Plaintiff Eden brings this civil action against the law

1



enforcement officials pursuant to RSMo § 516.130.

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to RSMo § 478.070.

2. Venue is proper pursuant to RSMo § 508.010 *et seq.*

3. The incident giving rise to this litigation occurred near the intersection of Blair and Penrose, City of St. Louis, Missouri 63107 and at the police headquarter in the City of St. Louis.  Therefore, venue is proper in the City of St. Louis, Twenty-Second Judicial Circuit.

## PARTIES

4. Plaintiff Eden is a citizen of the United States and a resident of the City of St. Louis, Missouri.

5. Defendant Ronald Vaughan ("Defendant Vaughan") was at all times relevant herein employed as a police officer in the St. Louis Metropolitan Police Department and acted under the color of state law and within the scope of his duties.  Upon information and belief, Defendant Vaughan is a resident of the State of Missouri.  Defendant Vaughan is being sued in his individual and official capacity.

6. Defendant Kyle Chandler ("Defendant Chandler") was at all times relevant herein employed as a police officer in the St. Louis Metropolitan Police Department and acted under the color of state law and within the scope of his duties.  Upon information and belief, Defendant Chandler is a resident of the State of Missouri.  Defendant Chandler is being sued in his individual and official capacity.

7. Defendant, the City of St. Louis (hereinafter "City"), is a municipal organization authorized by the laws of the State of Missouri. For the purposes of this action and in said capacity, Defendant City is responsible for and administers the St. Louis Metropolitan Police Department ("SLMPD"), which in turn promulgates policies and practices for patrolling and policing the areas of the City of St. Louis, including but not limited to the area near Blair and Penrose in the City of St. Louis. Defendant City and Sam Dotson, as chief of the SLMPD, runs, operates, oversees, administers, supervises, and are otherwise responsible for the conduct of SLMPD officers and employees, including both acts and omissions of SLMPD officers.

8. The City possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual officers of the SLMPD, and to assure that said actions, policies, rules, regulations, practices and procedures of the SLMPD and its employees comply with the laws and constitutions of the United States and of the State of Missouri.

9. At all times relevant herein, SLMPD is a municipal organization authorized by the laws of the State of Missouri. Upon information and belief, SLMPD is located in this judicial district.

10. Plaintiff is unaware of the true names and titles of defendants sued herein John Does 1 through 2, and therefore sues these defendants by such fictitious names.

Plaintiff will amend this complaint to allege their true names and titles when they are ascertained. Plaintiff alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and the cause of Plaintiff's injuries by the acts and/or omissions of said fictitiously named defendants. Defendants John Does 1-2 were acting under the color of law, statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

11. At all times relevant herein, Plaintiff believes and alleges that Defendants John Does 1-2 were officers, supervisors, civilian employees, agents, and/or representatives of SLMPD. Said Defendants are sued individually and in their official capacities.

## FACTS COMMON TO ALL ACTIONS

12. On December 6, 2011, Plaintiff Eden was driving southbound on Blair Avenue when he observed a police vehicle following the vehicle he was operating.

13. Shortly after pulling behind Plaintiff Eden's vehicle, the individuals in the police vehicle activated the emergency roof lights.

14. Plaintiff Eden then steered the vehicle towards the right curb and parked on or about 3900 Blair Avenue in the City of St. Louis, Missouri.

15. Upon parking the vehicle, Plaintiff Eden observed two individuals exiting the police vehicle and approaching the parked vehicle.

16. The first individual approaching the driver's side of the parked vehicle was

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

St. Louis police officer, Defendant Vaughan, who Plaintiff Eden knew from a previous occasion.

17. In or around November 2011, Defendant Vaughan approached Plaintiff Eden and alleged that several individuals ran away from the police.

18. When Plaintiff Eden and his friends denied running away from the police, Defendant Vaughan made a verbal threat that he did not want to see them again in the neighborhood.

19. On December 16, 2011, however, Plaintiff Eden was in the neighborhood and was operating a vehicle on a public roadway when he was stopped by the police.

20. During the stop, Defendant Kyle Chandler ("Chandler") was the second individual approaching the passenger side of Plaintiff Eden's parked vehicle.

21. When Defendant Vaughan recognized Plaintiff Eden in the stop, he falsely accused Plaintiff Eden of having a strong order of marijuana in the vehicle.

22. Shortly thereafter, Defendant Vaughan ordered Plaintiff Eden outside of the parked vehicle.

23. While complying with Defendant Vaughan's order, Plaintiff asked Defendant Vaughan why he was being stopped by the police.

24. Without providing Plaintiff Eden with an explanation, Defendant Vaughan further ordered Plaintiff Eden to step outside and lend against the parked vehicle.

25. Defendant Vaughan then proceeded to conduct a pat down search on Plaintiff Eden while Defendant Chandler stood nearby.

26. As Defendant Vaughan searched Plaintiff Eden, Defendant Vaughan deliberately dropped a small knotted plastic bag from his hand as if the small knotted plastic bag belonged to Plaintiff Eden.

27. Defendant Vaughan planted the small knotted plastic bag near Plaintiff Eden and began wrongfully accusing Plaintiff Eden of possessing the small knotted plastic bag.

28. Plaintiff Eden truthfully denied that the small knotted plastic bag was his and pleaded with Defendant Vaughan not to frame him for drug charges.

29. Despite Plaintiff Eden's plea, Defendant Vaughan violently grabbed and and twisted Plaintiff Eden's arm while placing Plaintiff Eden under arrest. Defendant Vaughan informed Plaintiff Eden that he was being arrested for Possession of Controlled Substance. The substance in the small knotted plastic bag was later found to be Alprazolam, an anti-anxiety medication requiring prescription.

30. Plaintiff Eden was then placed in handcuffs where he continued to plea with Defendants Vaughan and Chandler not to arrest him on false charges.

31. A short time later, other police officers arrived at the scene. When Plaintiff Eden began informing the other police officers that he was being framed with false charges, Defendant Chandler grabbed and forced Plaintiff Eden to the ground.

32. Defendant Chandler then falsely told other police officers that Plaintiff Eden tried to strike him.

33. Defendant Chandler then pulled Plaintiff Eden up and escorted him to the rear of a police van. Plaintiff Eden was placed inside the police van.

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

34. While in the police van, Defendant Chandler approached Plaintiff Eden and indicated that he would not tow the parked vehicle if Plaintiff Eden agrees to sign the refusal of medical care and towing forms.

35. Plaintiff Eden was escorted to the police station where he was booked on the following false charges: Assault 3rd degree on Law Enforcement Officer, Resisting Arrest and Possession of a Controlled Substance.

36. At the police station, Plaintiff Eden asked John Doe 1, a police officer in the booking room if he could speak with a supervisor to make a formal complaint against Defendants Vaughan and Chandler concerning the false charges against him.

37. John Doe 1 told Plaintiff Eden that he had to make any complaints against the Defendants when he is not in jail.  At that time, Plaintiff Eden pleaded with John Doe 1 to allow him to report the false arrest.  However, Plaintiff Eden's pleas were denied by John Doe 1.

38.  When Plaintiff Eden was placed in a holding cell at the police station, he again requested to speak with someone to report the false arrest.   While in the holding cell, Plaintiff Eden informed John Doe 2, a jail worker that he was falsely arrested and wanted to speak someone.  However, John Doe 2 disregarded his requests.

39. Consequently, John Does 1 and 2 took no steps to report the false arrest of Plaintiff Eden or provide Plaintiff Eden with the opportunity to report it to internal affairs or the appropriate officials.  Plaintiff Eden was seen crying and in severe distress even though John Does 1 and 2 failed to intervene while Plaintiff Eden was in their custody

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

and control.

40. As a result of Defendants' action and inaction, Plaintiff Eden suffered significant damages, including, but not limited to, loss of liberty spending months in jail and emotional distress.

COUNT I
(FALSE ARREST)
VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION
ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
AGAINST DEFENDANTS VAUGHAN AND CHANDLER

41. Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

42. The Fourth Amendment provides: "The right of the people to be secured in their persons . . . papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause . . . ."

43. Defendants' actions violated the Fourth Amendment to the U.S. Constitution, which prohibits arrest without probable cause. Acting individually and in concert, Defendants- through their own actions- planted drug on and asserted false assault and resisting charges against Plaintiff Eden and illegally arrested him.

44. As a result of Defendants' action, Plaintiff Eden was falsely arrested for crimes he did not commit. Defendants' drug planting and fabricating charges violated clearly established law; no reasonable police officer would believe that these actions were lawful.

45. The acts and/or omissions of each of the Defendants named in this Count were

committed with deliberate indifference to Plaintiff Eden's constitutional rights, which were the legal and proximate cause of Eden's injuries as described herein.

COUNT II
(FALSE ARREST)
VIOLATIONS OF ARTICLE I, SECTION 15 OF THE MISSOURI CONSTITUTION
ACTIONABLE DIRECTLY AND PURSUANT TO RSMo § 516.130
AGAINST DEFENDANTS VAUGHAN AND CHANDLER

46. Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

47. Article I, Section 15 of the Missouri Constitution provides: "That the people people shall be secured in their persons, papers, homes and effects, from unreasonable searches and seizures, and no warrant to search any place, or seize any person . . . without probable cause . . . ."

48. Defendants' actions violate the Missouri Constitution, which prohibits arrest without probable cause.  Acting individually and in concert, Defendants- through their own actions- planted drug on and asserted false assault and resisting charges against Plaintiff Eden and illegally arrested him.

49. As a result of Defendants' actions, Plaintiff Eden was falsely arrested for crimes he did not commit.  Defendants' drug planting and fabricating charges clearly established law; no reasonable police officer would believe that these actions were lawful.

50. The acts and/or omissions of each of the Defendants named in this Count were committed with deliberate indifference to Plaintiff Eden's constitutional rights, which

were the legal and proximate cause of Eden's injuries as described herein.

## COUNT III
### (FABRICATION OF EVIDENCE)
### VIOLATION OF FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS
### ACTIONABLE PURSUANT TO 42 U.S.C § 1983
### AGAINST DEFENDANTS VAUGHAN AND CHANDLER

51. Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

52. The Fourteenth Amendment to the United States Constitution encompasses a substantive component. This portion of the Fourteenth Amendment prohibits the deprivation of individual's life, liberty or property without due process of law.

53. Defendants Vaughan and Chandler deprived Plaintiff Eden of his liberty when they arrested him after manufacturing false evidence against him that led to his confinement for crimes he did not commit.

54. Defendants – through their own actions – violated clearly established law; no reasonable police officer would believe that these actions were lawful.

55. The acts and/or omissions of each of the Defendants named in this Count were committed with deliberate indifference to Plaintiff Eden's constitutional rights, which were the legal and proximate cause of Eden's injuries as described herein.

## COUNT IV
### (FABRICATION OF EVIDENCE)
### VIOLATION OF ARTICLE I, SECTION 10 - SUBSTANTIVE DUE PROCESS
### ACTIONABLE PURSUANT TO RSMo § 516.130
### AGAINST DEFENDANTS VAUGHAN AND CHANDLER

56. Plaintiff Eden realleges and incorporates by reference, as though fully

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

contained herein, the allegations set forth in paragraphs 1 through 40, above.

57. Article I, Section 10 of the Missouri Constitution encompasses a substantive component. This portion of the Missouri Constitution prohibits the deprivation of individual's life, liberty or property without due process of law.

58. Defendants Vaughan and Chandler deprived Plaintiff Eden of his liberty when they arrested him after manufacturing false evidence against him that led to his confinement for crimes he did not commit.

59. Defendants – through their own actions – violated clearly established law; no reasonable police officer would believe that these actions were lawful.

60. The acts and/or omissions of each of the Defendants named in this Count were committed with deliberate indifference to Plaintiff Eden's constitutional rights, which were the legal and proximate cause of Eden's injuries as described herein.

## COUNT V
## CONSPIRACY TO VIOLATE CIVIL RIGHTS
## ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
## AGAINST DEFENDANTS VAUGHAN AND CHANDLER

61. Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

62. A civil conspiracy is a combination of two or more person acting in concert to commit an individual act. The principal element of the conspiracy are an agreement between the parties to inflict a wrong against another, and an overt act that results in damage.

63. Defendants in this Count, acting within the scope of their employment and

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

under color of law, agreed among themselves with other individuals to act in concert to deprive Plaintiff Eden of his clearly established federal and state constitutional rights, as alleged above.

64. In furtherance of the conspiracy, Defendants Vaughan and Chandler engaged in an facilitated numerous overt acts, including, without limitation, the following:

    i. Defendant Vaughan planted drugs on (i.e. deliberately fabricated evidence against) Plaintiff Eden and then Defendant Chandler in concert proceeded to assert false assault and resisting charges against Plaintiff Eden.

    ii. The individual Defendants continued to lie to prosecutors regarding Plaintiff Eden's purported guilt. Defendant Chandler filed a police report with false charges and allegations. The individual Defendants falsely testified at a court hearing regarding the alleged drugs in Plaintiff Eden's possession.

65. As a result of Defendants' conspiracy and actions in furtherance thereof, Plaintiff Eden was falsely incarcerated and suffered numerous other injuries – all for crimes he did not commit. But for Defendants' conduct – their own actions or the lack thereof – Plaintiff Eden would not have endured these serious injuries and violations of his constitutional rights.

COUNT VI
<u>MALICIOUS PROSECUTION</u>
<u>ACTIONABLE PURSUANT TO RSMo § 516.130</u>
<u>AGAINST DEFENDANTS VAUGHAN AND CHANDLER</u>

66. Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

67. As more fully set forth above, Defendants Vaughan and Chandler willfully, unlawfully, and maliciously caused the commencement and/or continuation of a baseless prosecution against Plaintiff Eden without probable cause, and, as result of this prosecution, Plaintiff Eden suffered significant damages.

68. Defendants Vaughan and Chandler continued to allege false and baseless charges against Plaintiff Eden to the extent that they provided false testimony in a pre-trial defense motion hearing on or about September 24, 2013.

69. Plaintiff Eden's defense attorney filed a motion to suppress the fabricated evidence against Plaintiff Eden.

70. The Honorable Circuit Judge John Garvey heard the motion to suppress and ruled to suppress the drug evidence from the arrest of Plaintiff Eden.

71. In the Court's ruling, the Honorable Circuit Judge John Garvey found that the "credibility of police officer is questionable and therefore Court grants [Jeremey Eden's] motion to suppress granted."

72. After the Court's ruling, the State prosecutor entered a Memorandum of Nolle Prosequi as to Count I: Possession of Controlled Substance Alprazolam and Count II: 3rd degree Assault on Law Enforcement Officer.

73. Further, the State prosecutor refused to issue on the Resisting Arrest charge.

74. As a result, the criminal proceedings terminated in Plaintiff Eden's

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

favor on September 24, 2013 when the State elected not to proceed with charges.

75. The acts and/or omissions of each of the Defendants named in this Count were the legal and proximate cause of Plaintiff Eden's injuries as described herein.

## COUNT VII
### (RECKLESS OR INTENTIONAL FAILURE TO INVESTIGATE OR REPORT THE MISCONDUCT) VIOLATION OF THE FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS
### ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
### AGAINST DEFENDANTS JOHN DOES 1 AND 2

76. Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

77. As more fully set forth set above, Defendants John Does 1 and 2 at the police station failed to investigate or report the misconduct that Plaintiff Eden told them.

78. Defendants John Does 1 and 2 recklessly and/or intentionally failed to provide Plaintiff Eden with the means to report the misconduct to the appropriate officials at the police station. Despite Plaintiff Eden's repeated requests, Defendants John Doe 1 and 2 dismissed Plaintiff Eden's pleas for assistance while Plaintiff Eden was within their care, control and custody.

79. The acts and/or omissions described herein were committed with deliberate indifference to Plaintiff Eden's constitutional rights.

80. The acts and/or omissions described herein violated Plaintiff Eden's right to substantive due process.

81. The failure to investigate or report the misconduct described in this Count

caused the continued prosecution of Plaintiff Eden despite his obvious innocence.

82. The acts and/or omissions of each of the Defendants named in this Count were were the legal and proximate cause of Plaintiff Eden's injuries as described herein.

COUNT VIII
(MONELL MUNICIPAL LIABILITY)VIOLATION OF CONSTITUTIONAL RIGHTS
ACTIONABLE PURSUANT TO 42 U.S.C. § 1983
AGAINST CITY AND SLMPD

83. Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 40, above.

84. The City and SLMPD as municipal entities, through its law enforcement officers, encouraged, aided and abetted the constitutional violations described above.

85. The constitutional violations described above constituted "policy and practices" of the Defendants in this Count.

86. At the time of these constitutional violations, Defendants had ratified customs and practices, which permitted and encouraged their police officers to unjustifiably, unreasonably and unlawfully arrest persons without probable cause in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Missouri Constitution.

87. Said customs and practices also called for the City and SLMPD not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents and complaints of false arrest, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false testimony in court proceeding to cover-up and conceal such wrongful

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM

conduct by police officers of the SLMPD. Specifically, Plaintiff Eden while in police custody was denied the opportunity to report police misconduct and was ignored by personnel.

88. Further, the said customs and practices called for City and SLMPD to fail to objectively and/or independently investigate or in any way deal with or respond claims of false arrests and police misconduct. Specifically, Police Chief Sam Dotson stated in the Saint Louis Post-Dispatch that there would be an internal affairs investigation concerning Plaintiff Eden's arrest. However, as of today, no one has contacted Plaintiff Eden to conduct a thorough investigation.

89. Said customs and practices also called for and led to the refusal of said Defendants to investigate complaint of previous incidents of false and unlawful arrests, the filing of false police reports to conceal such misconduct, the falsification of evidence and perjury and, instead, allowing Defendants to continue serving as officers in the community.

90. Upon information and belief, at least one or more citizens, have asserted allegations that Defendant Vaughan made false arrest without probable cause.

91. The policies, practices, and customs described in this Count were adopted prior to the arrest of Plaintiff Eden and with deliberate indifference to Plaintiff Eden's constitutional rights and the rights of those similarly situated.

92. Defendants are accountable under 42 U.S.C. § 1983 also because they, through its law enforcement officers, were deliberately indifferent to an obvious

need to train the Defendants Vaughan, Chandler, John Doe 1 and John Doe 2, respectively, to avoid constitutional violations arising from inadequate training pertaining to the lawful making of arrests, police ethics, the law pertaining to search and seizures, reporting police misconduct, testifying in trial and perjury, the collection of evidence, and the preparation of the police reports.

93. The Defendants named in this Count disregarded the obvious need for training on these matters and continued to retain and adhere to the constitutionally deficient training programs. This continued retention and adherence to constitutionally deficient training programs despite an obvious need for training was carried out with a deliberate indifference to the rights of Plaintiff Eden and those similarly situated.

94. The acts and/or omissions of each of the Defendants named in this Count were the legal and proximate cause of Plaintiff Eden's injuries as described herein.

COUNT IX
(ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
AGAINST ALL DEFENDANTS

95. Plaintiff Eden realleges and incorporates by reference, as though fully contained herein, the allegations set forth in paragraphs 1 through 94, above.

96. Defendants, in engaging in the aforementioned conduct intended to cause Plaintiff Eden emotional distress and/or acted with reckless disregard of the likelihood that Plaintiff would suffer emotional distress.

97. Defendants' conduct was a substantial factor in causing Plaintiff Eden to suffer and to continue to suffer from severe emotional distress, mental pain, anguish,

embarrassment, humiliation, and psychological disturbance. Plaintiff Eden has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's jurisdiction.

98. The aforementioned acts of said Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to individual Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eden respectfully prays that this Court will:

a. assume jurisdiction of this cause to determine this controversy and case for hearing on the merits;

b. award compensatory and actual damages to Plaintiff Eden, and against the Defendants, jointly and severally, in the amount in excess of $1.000,000.00;

c. award punitive damages to Plaintiff Eden and against Defendants except against the municipal Defendants, in the amount in excess of $1,000,000.00;

d. award to Plaintiff Eden his costs and attorney fees, pre-judgment interest, post-judgment interest, all other damages allowed by law; and such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff Eden demands trial by jury as to all issues so triable.

| | |
|---|---|
| December 6, 2014 | Respectfully submitted,<br>/s/ Samuel Henderson_____<br>Samuel Henderson, MO Bar #56330<br>Attorney for Plaintiff Jeremey Eden<br>Henderson Law Firm<br>1027 S. Vandeventer Avenue, 6th floor<br>Saint Louis, Missouri 63110<br>314-775-9798<br>Hendersa85@hotmail.com |

CERTIFICATE OF SERVICE

I, Samuel Henderson, hereby certify that on this 6th day of December, 2014, a true and correct copy of the foregoing was sent electronically through casenet to the Defendants.

/s/ Samuel Henderson

Electronically Filed - City of St. Louis - December 07, 2014 - 12:12 AM