UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMEY EDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    4:15CV00212 ERW |
| | ) | |
| RONALD VAUGHAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant City of St. Louis's Motion to Dismiss [ECF No. 8], and Defendants Ronald Vaughan, Kyle Chandler, and St. Louis Metropolitan Police Department's Motion to Dismiss [ECF No. 11].

**I.    BACKGROUND**

This lawsuit arises out of a police traffic stop, which occurred in December 2011, and the ensuing events and interactions between Plaintiff Jeremey Eden ("Plaintiff") and various law enforcement officials.  According to Plaintiff, upon being pulled over and interacting with Defendants Ronald Vaughan and Kyle Chandler, Plaintiff was arrested and "booked on the following false charges: Assault 3rd degree on Law Enforcement Officer, Resisting Arrest[,] and Possession of a Controlled Substance" [ECF No. 2 at ¶ 35].  Plaintiff claims he was "deprived of his constitutional rights when law enforcement officials conducted an illegal search and seizure upon his person, falsely arrested him without probable cause, fabricated evidence and submitted false testimony against him, and failed to investigate the said misconduct" [ECF No. 2 at 1].

In December 2014, Plaintiff initiated this lawsuit by filing his "Complaint for Civil Rights Violations, Tort Claims and Damages" [ECF No. 2] in the Circuit Court of the City of St.

Louis [*See* ECF Nos. 1, 2], bringing claims against Ronald Vaughan, Kyle Chandler, the City of St. Louis ("City"), the St. Louis Metropolitan Police Department ("SLMPD"), John Doe 1, and John Doe 2.  Plaintiff's Complaint contains the following claims: the violation of the Fourth Amendment to the United States Constitution, based on Plaintiff's alleged false arrest, brought against Defendants Vaughan and Chandler pursuant to 42 U.S.C. § 1983 (Count I); the violation of Article I, Section 15 of the Missouri Constitution, based on Plaintiff's alleged false arrest, brought against Defendants Vaughan and Chandler pursuant to Mo. Rev. Stat. § 516.130 (Count II); the violation of substantive due process under the Fourteenth Amendment to the United States Constitution, based on the alleged fabrication of evidence, brought against Defendants Vaughan and Chandler pursuant to 42 U.S.C. § 1983 (Count III); the violation of substantive due process under Article I, Section 10 of the Missouri Constitution, based on the alleged fabrication of evidence, brought against Defendants Vaughan and Chandler pursuant to Mo. Rev. Stat. § 516.130 (Count IV); conspiracy to violate civil rights, brought against Defendants Vaughan and Chandler pursuant to 42 U.S.C. § 1983 (Count V); malicious prosecution, brought against Defendants Vaughan and Chandler pursuant to Mo. Rev. Stat. § 516.130 (Count VI); the violation of substantive due process under the Fourteenth Amendment to the United States Constitution, based on the alleged "reckless or intentional failure to investigate or report the misconduct," brought against Defendants John Does 1 and 2 pursuant to 42 U.S.C. § 1983 (Count VII); the violation of constitutional rights ("*Monell* Municipal Liability"), brought against the City and SLMPD pursuant to 42 U.S.C. § 1983 (Count VIII); and intentional infliction of emotional distress ("IIED"), against all Defendants (Count IX).

On January 30, 2015, the City filed a Notice of Removal [ECF No. 1], removing the case to this Court pursuant to 28 U.S.C. §§ 1446, 1441, and 1331.  On February 5, SLMPD and

Defendants Vaughan and Chandler consented to the removal [ECF No. 6]. On February 6, the City filed its Motion to Dismiss [ECF No. 8], and on February 13, SLMPD and Defendants Vaughan and Chandler (collectively, the "SLMPD Defendants") filed their joint Motion to Dismiss [ECF No. 11]. Both Motions are brought pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim.

## II.   STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court accepts "as true all of the factual allegations contained in the complaint," and affords the non-moving party "all reasonable inferences that can be drawn from those allegations" when considering a motion to dismiss. *Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (internal quotations and citation omitted). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Additionally, "some factual allegations may be so

- 3 -

indeterminate that they require further factual enhancement in order to state a claim." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

A well-pleaded complaint may not be dismissed even if it appears proving the claim is unlikely and if the chance of recovery is remote. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). However, where the allegations on the face of the complaint show "there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Young v. St. John's Mercy Health Sys.*, No. 10-824, 2011 WL 9155, at *4 (E.D. Mo. Jan. 3, 2011) (internal citation omitted). Further, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Bare assertions constituting merely conclusory allegations failing to establish elements necessary for recovery will not suffice. *See id.* ("Plaintiffs, relying on facts not in the complaint, make bare assertions that [defendants] were not just lenders, but owners that controlled the RICO enterprise . . . these assertions are more of the same conclusory allegation . . ."). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

#### A. *The City's Motion [ECF No. 8]*

##### 1. **Count VIII**

In its introductory description of the "Parties," the Complaint emphasizes the City's

supposed control over SLMPD.  For instance, the Complaint states, "Defendant City is responsible for and administers [SLMPD], which in turn promulgates policies and practices for patrolling and policing the [City] . . . . Defendant City . . . runs, operates, oversees, administers, supervises, and [is] otherwise responsible for the conduct of SLMPD officers and employees, including both acts and omissions of SLMPD officers" [ECF No. 2 at ¶ 7].  The Complaint further alleges:

> The City possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual officers of the SLMPD, and to assure that said actions, policies, rules, regulations, practices and procedures of the SLMPD and its employees comply with the laws and constitutions of the United States and of the State of Missouri.

[ECF No. 2 at ¶ 8].  In the actual text of Count VIII, Plaintiff states, "The City and SLMPD as municipal entities, through its law enforcement officers, encouraged, aided and abetted the constitutional violations described above" [ECF No. 2 at ¶ 84].  Count VIII further alleges these Defendants had ratified "policies, customs and practices," which: "permitted and encouraged their police officers to unjustifiably, unreasonably and unlawfully arrest persons without probable cause"; and "called for the City and SLMPD not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents and complaints" of things like false arrests and police misconduct [ECF No. 2 at ¶¶ 86-89, 91].  Count VIII also claims these Defendants "disregarded the obvious need for training on these matters and continued to retain and adhere to the constitutionally deficient training programs" [ECF No. 2 at ¶ 93].  Plaintiff concludes, "The acts and/or omissions of each of the Defendants named in this Count were the legal and proximate cause of Plaintiff Eden's injuries as described herein" [ECF No. 2 at ¶94].

In its Motion, the City argues, "Count VIII of Plaintiff's Complaint against the City fails

as a matter of law because the City did not operate or control SLMPD at any time relevant to Plaintiff's allegations" [ECF No. 9 at 2].  The City points to Missouri Revised Statutes § 84.344, which states, "Notwithstanding any provisions of this chapter to the contrary, any city not within a county may establish a municipal police force on or after July 1, 2013, according to the procedures and requirements of this section.  The purpose of these procedures and requirements is to provide for an orderly and appropriate transition in the governance of the police force[.]"  Mo. Rev. Stat. § 84.344.1.  Thus, the City argues, it "was not authorized to exercise control over the SLMPD until July 1, 2013" [ECF No. 9 at 4].  The City also cites to *Crigler v. City of St. Louis, Mo.*, 767 F.Supp. 197 (E.D. Mo. 1991), where a plaintiff, who claimed he was beaten by two police officers, filed suit pursuant to 42 U.S.C. § 1983, naming the City as a defendant and alleging the police officers "acted pursuant to an official policy of the City, that the City 'ordered, directed, approved and condoned' the officers['] conduct[,] and that the officers were employees and agents of the City."  *Id.* at 198.  In that case, this Court discussed § 84.010,[1] which was repealed in November of 2012 in favor of the system created by § 84.344.  The Court acknowledged § 84.010 prohibited the City or any of its officers or agents from "in any manner imped[ing], obstruct[ing], hinder[ing] or interfer[ing] with the boards of police or any officer, or agent or servant thereof of thereunder."  Mo. Rev. Stat. § 84.010 (1991); *Crigler*, 767 F.Supp. at

---

[1] Section 84.010, in relevant part, states:

> [N]o ordinances heretofore passed, or that may hereafter be passed, by the common council or municipal assembly of the cities, shall, in any manner, conflict or interfere with the powers or the exercise of the powers of the boards of police commissioners of the cities as created by section 84.020, nor shall the cities or any officer or agent of the corporation of the cities, or the mayor thereof, in any manner impede, obstruct, hinder or interfere with the boards of police or any officer, or agent or servant thereof or thereunder[.]

Mo. Rev. Stat. § 84.010 (1991).  The 2012 edition of the Missouri Revised Statutes contained the exact same wording for this portion of § 84.010.

198. Having determined, under the statute, "the City has no direct control over the activities of the Board of Police Commissioners or its employees," the Court concluded:

> The division of authority between the City and the Board of Police Commissioners set forth in Mo. Rev. Stat. § 84.010 indicates that neither the City nor its agents possess the authority to make official policy concerning the actions of the Board of Police Commissioners or individual police officers. Therefore, the City cannot, as a matter of law, be liable under section 1983 as an official policy maker responsible for approving or condoning the actions of the police officers who allegedly beat the plaintiff.

*Crigler*, 767 F.Supp. at 199-200. Here, based on these authorities, the City concludes, "Therefore, even assuming Plaintiff's allegations are true, the City cannot be held liable and Plaintiff's Complaint should be dismissed with prejudice" [ECF No. 9 at 3].

In response, Plaintiff seeks to distinguish the current pleading situation from the one in Crigler by discussing *Johnson v. Board of Police Com'rs*, 370 F.Supp.2d 892 (E.D. Mo. 2005). In that case, homeless persons had brought § 1983 claims against the City, among others, claiming their Fourth, Thirteenth, and Fourteenth Amendment rights were violated when they were periodically removed from the downtown area. In refusing to apply *Crigler* to grant the City's Motion to Dismiss, this Court stated, "[T]he fact that the Defendants are separate legal entities does not prevent them from acting in concert to deprive constitutional rights pursuant to a joint policy or custom, as alleged in the Complaint." *Johnson*, 370 F.Supp.2d at 902. The Court emphasized the plaintiff's allegations of the City developing and acting together with the Police Board "to implement the policies responsible for the alleged unconstitutional conduct at issue in this case." *Id.* Here, Plaintiff argues his Complaint sufficiently alleges the City and SLMPD acted "in concert" [ECF No. 20 at 3]. In the alternative, Plaintiff seeks leave to amend his Complaint "to include specific 'acted in concert' language . . . and to add parties to the case," specifically the Police Board [ECF No. 20 at 3-4].

Here, the Court finds *Crigler* more instructive and applicable than *Johnson*. As summarized above, Plaintiff's claims against the City in Count VIII rely on a factual theory of liability which, similar to the claims in *Crigler*, emphasizes the City's supposed control, policy-making authority, and responsibility for the actions of SLMPD. And regardless of Plaintiff's claims to the contrary, the Complaint lacks the types of allegations present in Johnson: allegations of the City acting together, or "in concert," with SLMPD to implement "joint policies." *See Beene v. City of St. Louis, Mo.*, No. 09-651, 2009 WL 5103268, at *3 (E.D. Mo. Dec. 17, 2009). Additionally, the repeal of § 84.010, the enactment of § 84.344, and any present degree of control exercised by the City, would not seem to preclude the applicability of *Crigler* to these particular circumstances, as this lawsuit arose out of actions occurring almost entirely before any transfer of authority was permitted.

Nevertheless, rather than dismiss the claim against the City under Count VIII, the Court will grant Plaintiff leave to file an Amended Complaint, as requested in his Response brief [*See* ECF No. 20 at 3-4]. However, in doing so, the Court emphasizes to Plaintiff's counsel the duties under Rule 11 regarding representations to the Court. The type of revised pleadings and allegations in this case, which would qualify for protection under *Johnson*, would seem to necessarily paint quite a different picture than the one contained in the current Complaint. Specifically, claiming the City controlled and created policies for SLMPD, based on its alleged authority over SLMPD, is factually much different than alleging the City and SLMPD worked together in concert as separate entities to implement joint policies. Any revised allegations Plaintiff plans to include on this issue in his Amended Complaint should be made with Rule 11 in mind.

Finally, Plaintiff also expressed a desire to amend his Complaint to "add parties to the

case," specifically mentioning the "police board" [ECF No. 20 at 3-4]. Under Missouri law, the only method by which the Board of Police Commissioners can be sued is by suing individual board members in their official capacity. *Crigler*, 767 F.Supp. at 199 (citing *Best v. Schoemehl*, 652 S.W.2d 740 (Mo. App. E.D. 1983)). If Plaintiff does in fact desire to join the Board of Police Commissioners as a defendant in the Amended Complaint, this rule must be heeded.

### 2. Count IX

The City argues it should be dismissed from Count IX because Plaintiff "fails to plead any exception to sovereign immunity" [ECF No. 9 at 5]. The City also argues Plaintiff failed to properly allege bodily harm and motive under Missouri IIED law [ECF No. 9 at 6].

In response, Plaintiff acknowledges, "[T]here are no allegations in [the] Complaint regarding waiver of City's sovereign immunity" [ECF No. 20 at 4]. Plaintiff seeks leave to amend his Complaint in order to "assert that the City waived its sovereign immunity . . . by purchasing liability insurance" [ECF No. 20 at 4].

Again, the Court will grant Plaintiff leave to amend his Complaint as requested.

Therefore, because the Court is granting Plaintiff leave to file an Amended Complaint, the City's Motion to Dismiss will be denied as moot.

### B. *Joint Motion of SLMPD, Defendant Vaughan, and Defendant Chandler*

#### 1. SLMPD as a Suable Entity

The SLMPD Defendants argue the Court should dismiss the claims against SLMPD "because it is not a suable entity" [ECF No. 12 at 3]. Plaintiff does not dispute this argument, stating, "The SLMPD Defendants are correct that the St. Luis Metropolitan Police Department is not the suable entity" [ECF No. 19 at 2]. Plaintiff "seek[s] leave to add the former St. Louis Board of Police Commissioners to the current lawsuit" [ECF No. 19 at 2]. The Court will grant

Plaintiff leave to amend his Complaint. Again, the Court emphasizes the requirement of suing individual board members in their official capacity. *See Crigler*, 767 F.Supp. at 199.

### 2. Claims for Violation of the Missouri Constitution

The SLMPD Defendants next argue the Court "should dismiss Count IV because there is no private cause of action for monetary damages under common law for an alleged violation of the Missouri Constitution" [ECF No. 12 at 4]. Plaintiff does not dispute this argument, stating, "The SLMPD Defendants are correct that there is no private cause of action for monetary damages as a result of the alleged violation of [the] Missouri Constitution" [ECF No. 19 at 2]. Plaintiff "seek[s] leave to remove *any* claims based on Missouri constitutional violations" [ECF No. 19 at 3 (emphasis added)]. The Court will grant Plaintiff leave to amend his Complaint and remove Count II[2] and Count IV.

### 3. Sovereign Immunity for Vaughan and Chandler in Their "Official Capacity"

Finally, the SLMPD Defendants argue, "The doctrine of sovereign immunity [under Mo. Rev. Stat. § 537.600] bars Plaintiff's state law claims against Vaughan and Chandler in their official capacities in Counts II, IV, VI, and IX" [ECF No. 12 at 5]. In response, Plaintiff claims sovereign immunity is inapplicable to his state law claims against Defendants Vaughan and Chandler, arguing § 537.600 "does not apply to the individual defendants under Missouri law" [ECF No. 19 at 3]. Because Plaintiff has stated his intent to remove the Missouri Constitution claims (Counts II and IV) from its Amended Complaint, the Court need only evaluate this sovereign immunity argument with regard to Counts VI and IX, for malicious prosecution and IIED, respectively.

---

[2] The SLMPD Defendants only ask the Court to dismiss Count IV. However, Count II, for violations of Article I, Section 15 of the Missouri Constitution, is also a claim based on a violation of the Missouri Constitution. Thus, by Plaintiff's own words, the Court assumes Plaintiff intends to remove this claim as well.

Under Mo. Rev. Stat. § 537.600, public entities enjoy sovereign tort immunity, unless the immunity is waived, abrogated, or modified by statute." *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. App. E.D. 2009) (internal citation omitted). "A suit against a government employee in her official capacity is equivalent to a suit against the government entity itself, and sovereign immunity therefore also applies with equal force in the context of official capacity claims." *Fischer v. Steward*, No. 07-1798, 2010 WL 147865, at *11 (E.D. Mo. Jan. 11, 2010) (citing *Betts-Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo. App. W.D. 2002)). As a state agency, the St. Louis Police Board was found to be entitled to sovereign immunity under § 537.600 in *Green v. Missouri*, 734 F.Supp.2d 814, 846-47 (E.D. Mo. 2010). And regardless of any passing of control by the State to the City, municipal entities are "entitled to sovereign immunity within the meaning of Section 537.600" when engaged in governmental functions. *Richardson*, 293 S.W.3d 133, 136-37 (internal citation omitted).

Thus, the naming of Defendants Vaughan and Chandler in their "official capacity" here [ECF No. 2 at ¶¶ 5 and 6] constitutes a suit against the Police Board, which is entitled to sovereign immunity. Therefore, sovereign immunity bars the state law claims contained in Counts VI and IX against Defendants Vaughan and Chandler in their *official* capacities. Plaintiff's Amended Complaint should reflect this conclusion.

Therefore, because the Court is granting Plaintiff leave to file an Amended Complaint, the SLMPD Defendants' Motion to Dismiss will be denied as moot.

## C.     *Conclusion*

The Court grants Plaintiff leave to file an Amended Complaint within twenty (20) days. However, in drafting the Amended Complaint, Plaintiff should heed the legal determinations made by the Court throughout this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis's Motion to Dismiss [ECF No. 8] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendants Ronald Vaughan, Kyle Chandler, and St. Louis Metropolitan Police Department's Motion to Dismiss [ECF No. 11] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint, in accordance with the Court's legal determinations, within twenty (20) days.

Dated this 6th Day of April, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE