UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMY EDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CV00212 ERW |
| | ) |
| RONALD VAUGHN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Ronald Vaughan and Kyle Chandler's Motion for Summary Judgment. [ECF No. 50].

## I. BACKGROUND

Plaintiff Jeremy Eden filed this action after his arrest by Defendants Ronald Vaughan and Kyle Chandler, who are St. Louis City Police Officers, on December 6, 2011, while driving in the vicinity of Blair and Salisbury in the City of Saint Louis. [ECF No. 66 at ¶¶ 1-2]. At approximately, 7:00 PM, Defendants performed a traffic stop of Plaintiff for not having a front license plate, a charge to which Plaintiff ultimately pled guilty. [ECF No. 51-1 at ¶¶ 3-4]. Plaintiff alleges he had a license plate in his front window[1]. [ECF No. 66 at ¶ 3]. Defendants' dash cam in their police cruiser was operating during the time of the stop, and both parties agree it accurately recorded many of the events at issue. [ECF No. 66 at ¶¶ 5, 6]. Portions of the video have been entered into the record as exhibits D, E and E1, and have been carefully reviewed by the Court. [ECF Nos. 51-5, 51-6, and 56]. Plaintiff and Defendants dispute important facts in this case, and each party avers the dash cam video explains inconsistencies in the record.

---

[1] The Court regards this disclosure as irrelevant. Police officers are not required to scour the entirety of a vehicle for a license plate which is required to be affixed to the front of the automobile.

After stopping the vehicle, Defendant Vaughn requested to perform a search. [ECF No. 51-1 at ¶ 7]. Plaintiff agrees he consented to a search of his car, but Plaintiff disputes Defendants' assertion he also consented to a search of his person. [ECF No. 66 at ¶ 7]. As Plaintiff exited his vehicle, Defendants allege Plaintiff stuck his hand out of the vehicle and tossed a small bag to the area of the rear tire. [ECF No. 51-1 at ¶¶ 8-9]. This is disputed by Plaintiff. [ECF No. 66 at ¶¶8-9]. Defendant Vaughn then searched Plaintiff. *Id.* at ¶ 10. Defendant Vaughn alleges while searching Plaintiff, a small item fell out of Plaintiff's pocket. [ECF No. 55-1 at ¶ 11]. Defendant Vaughn claims he did not drop any items, and he placed no items in Plaintiff's pocket. *Id.* at ¶¶ 12-13. Plaintiff contends when Defendant Vaughn searched him, something dropped out of Defendant Vaughn's hand. [ECF No. 66 at ¶ 11]. Plaintiff is unaware if Defendant Vaughn placed any items in Plaintiff's pants. *Id.* at ¶ 12. Plaintiff says he observed something drop out of Defendant Vaughn's hand while he was being searched. *Id.* at 13. Approximately twenty five seconds after an article dropped to the ground, Plaintiff moved his right leg, and shortly thereafter, Defendant Vaughn took Plaintiff to the curb. [ECF No. 66 at ¶¶ 14-15, 55-5]. Defendant Vaughn says he then returned to the rear of the vehicle where he recovered a small bag, containing a substance he said looked like crack-cocaine. *Id.* Later it was learned the substance was, in fact, Alprazolam, a prescription anti-anxiety medication. [ECF No. 66 at ¶¶ 16-17]. Defendant Vaughn arrested Plaintiff for possession of a controlled substance, and placed him in the police cruiser. *Id.* at ¶ 17.

As Defendant Vaughn began reading Plaintiff his *Miranda* rights, Plaintiff interrupted, asserting the bag was not his. [ECF Nos. 66 at ¶ 18, 55-5 at 6:40-7:30]. When Defendant Vaughn asked Plaintiff if he was aware of his rights, Plaintiff responded he understood his rights, but Defendant Vaughn continued to read him his *Miranda* rights. *Id.* After these interruptions Defendant Vaughn made no more attempts to read Plaintiff his Miranda rights, at least as recorded

by the exhibits provided to the Court. *Id.* Defendant Vaughn testified in his deposition, he believes the bag was either thrown on the ground by Plaintiff or fell from Plaintiff's pocket, but it is more likely the bag fell from Plaintiff's pocket. [ECF No. 55-1 at ¶ 19] In his deposition, Plaintiff testified Defendant Vaughn planted the drugs on him. [ECF No. 66 at ¶ 19].

Defendant Chandler prepared the police report in this case. *Id.* at ¶ 20. Defendant Vaughn did not provide any information as to Plaintiff's resisting arrest or of his assaultive behavior. *Id.* at ¶ 21. The nature of any prior relationship between Plaintiff and Defendants is disputed. *Id.* at ¶ 23. Whether Defendants were aware Plaintiff was the driver of the vehicle, prior to conducting the traffic stop, remains in dispute. *Id.* at ¶ 24.

Defendants emphasize multiple instances where Plaintiff's testimony is inconsistent with the events recorded by the dash cam video. Plaintiff testified in his deposition as follows: Defendant Vaughn dropped an item to the ground while searching Plaintiff, and nothing came out of Plaintiff's pockets while being searched, Plaintiff jumped with both feet only when Defendant Vaughn dropped the item, Defendant Vaughn immediately picked up the dropped item at which time Plaintiff confronted Defendant Vaughn denying his ownership of the item, and no one read Plaintiff his Miranda rights until a "girl" read him his rights as he exited a police van. [ECF No. 66 at 25-29].

Defendants maintain they did not discuss, come to an agreement, or act to violate Plaintiff's constitutional rights. [ECF No. 55-1 at ¶¶ 30-31]. Plaintiff asserts Defendant Vaughn planted illegal drugs on him, and Defendant Vaughn asserted false charges against him. [ECF No. 66 at ¶¶ 30-31].

Plaintiff initially brought his petition in State Court on December 7, 2014; Defendants removed the action to this Court on January 30, 2015. [ECF No. 66 at ¶ 32, ECF No. 1].

## II. STANDARD OF REVIEW

Summary judgment is proper only if there exists "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. of Civ. Proc. 56(c); *Bores v. Domino's Pizza, LLC*, 530 F3d 671, 674 (8th Cir. 2008). The burden of proof is on the party moving for summary judgment, and all facts and reasonable inferences are to be viewed in the light most-favorable to the non-moving party. *Duluth, Winnipeg and Pacific Ry. Co. v. City of Orr*, 529 F.3d 794, 797 (8th Cir. 2008). "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, 'the nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" *Burchett v. Target Corp.*, 340 F.3d 510, 516 (8th Cir. 2003) *quoting Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1998).

Material facts are determined by substantive law, and factual disputes which are irrelevant or collateral do not preclude summary judgement. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). A dispute is a genuine issue, where the evidence is such a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must show "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. The non-moving party must demonstrate

sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* Yet, where opposing parties stories are completely different, and one parties' story is so "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (finding summary judgment was appropriate after reviewing video evidence which completely contradicted respondent's versions of events).

**III. DISCUSSION**

Plaintiff currently brings four claims against Defendants Vaughn and Chandler: (1) a claim for violations of the Fourth Amendment pursuant to 42 U.S.C. § 1983 for a false arrest for possession of a controlled substance, for resisting arrest and for assaultive behavior resulting in charges being filed; (2) a claim for violation of the substantive due process clause of the Fourteenth Amendment, pursuant to 42 U.S.C. §1983, for manufacturing false evidence against him; (3) a claim Defendants conspired to violate Plaintiff's federal and state constitutional rights; and (4) a malicious prosecution claim under Missouri law for alleging false and baseless charges against Plaintiff. [ECF Nos. 25, 60]. Defendants in their Motion for Summary Judgment argue the Court should grant summary judgment denying each of these claims and find Defendants have

qualified immunity. [ECF No. 51]. Plaintiff responds each claim has material facts in dispute, and therefore summary judgment is inappropriate. Defendants, in their reply memorandum, argue Plaintiff's assertions are clearly contradicted by the dash cam videos and do not preclude a finding of summary judgment. [ECF No. 63].

> A. *Plaintiff's claim for violations of the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983*

Plaintiff alleges Defendants' actions violated his rights guaranteed by the Fourth Amendment of the United States Constitution, when they arrested Plaintiff without probable cause for possession of a controlled substance and for resisting arrest and for filing assault charges. [ECF No. 25]. The Court will first address Plaintiff's claim of false arrest for possession of a controlled substance, for a false claim he resisted arrest and a false claim he assaulted Defendant Chandler.

A warrantless arrest without probable cause is a violation of an individual's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution. *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986). However, simply because an arrestee is later found innocent does not cause the arresting officer to be liable. *Id.* An arrest is constitutional if at the moment the arrest is made, officers had within their knowledge, facts and circumstances, based on reasonably trustworthy information, "sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense". *Beck v. State of Ohio*, 379 U.S. 89, 91, 85 (1964). The subjective intentions of the arresting officer play no role in the Court's Fourth Amendment analysis, and do not invalidate police conduct not justified by probable cause. *United States v. Clarke*, 110 F.3d 612, 613 (8th Cir. 1997); *Whren v. United States*, 517 U.S. 806, 813 (1996).

### i. *Possession of a controlled substance charges*

Defendants argue summary judgment should be granted denying Plaintiff's claim of false arrest, because the evidence available to Defendants at the time of arrest was sufficient to support probable cause for arrest for Plaintiff's possession of a controlled substance. Plaintiff contends any evidence available to Defendants at the time of arrest was insufficient to support probable cause for the arrest. Defendants reply Plaintiff's assertions are contradicted by events recorded on the dash cam video, and do not preclude summary judgment.

Defendants argue they had probable cause to arrest Plaintiff, because both Defendants observed Plaintiff throw what appeared to be a small plastic bag on the ground as Defendant Vaughn approached the car. They say Plaintiff tapped his foot twice in the area where the bag was found, and Defendant Vaughn found the bag, after searching the Plaintiff. [ECF No. 51]. Plaintiff alleges no probable cause exists because Plaintiff testifies he jumped in response to Defendant Vaughan dropping something, the bag was not his, and he never threw anything out of the window. [ECF No. 59]. Plaintiff and Defendants have significant differences in their versions of what transpired and all reasonable inferences should go to the non moving party in summary judgment. *Duluth, Winnipeg and Pacific Ry. Co*, 529 F.3d at 797. However, if video evidence clearly refutes the assertions of the non-moving party summary judgment is appropriate where no reasonable jury would find for the non-moving party. *Scott*, 550 U.S. at 380.

The Court has reviewed the dash cam videos provided by Defendants. The Court disagrees with Defendants the videos clearly establish what happened. The events in question occur approximately twenty feet away from the camera and are shot at night with poor lighting, preventing an accurate depiction in some instances. The Court finds a reasonable jury could make different determinations on whether Plaintiff tossed a bag toward the back wheel when exiting the

7

car. Repeated viewings of the video produced to the Court shows something resembling a small piece of paper falling to the ground as Defendant Vaughn admittedly searched Plaintiff's pockets. Furthermore, while the video does establish Plaintiff moved his foot slightly one time, it does not appear his foot touched anything on the ground. It does not clearly establish he was attempting to destroy any evidence falling to the ground. Contrary to Plaintiff's representations, the video does not show Plaintiff jumped with both feet. Something did fall from Plaintiff's pockets while being searched, but there was nothing resembling a bag.[2] Contrary to his representation and his denial Defendant Vaughn attempted to read him his *Miranda* rights, clearly Defendant Vaughn attempted to read Plaintiff his constitutional right to remain silent and have the advantage of an attorney under the well-established *Miranda* opinion of the United States Supreme Court. The video does not support Defendants' representation Plaintiff attempted to drop something out of the car door. Furthermore, to the extent Plaintiff's testimony, in some instances, is not supported by the video, that does not necessarily require a conclusion his testimony is incorrect in all instances. Defendants' reliance on *Scott* is flawed. Here, the video recording does not support all of Defendants' representations and does not clearly refute all aspects of Plaintiff's testimony. *Scott*, 550 U.S. at 380. For the Court to conclude there are no material facts in dispute, credibility determinations would be required, which would be inappropriate at the summary judgment stage. *Kampouris*, 210 F.3d. at 847. The dash cam video does not clearly refute Plaintiff's version of the events. At this stage of the case, the Court is not permitted to weigh the veracity of Plaintiff's and Defendants' statements. Credibility determinations are inappropriate at the summary judgment stage. Material facts are disputed.

---

[2] Plaintiff does not explain why Officers would plant a prescribed anti-anxiety drug on him. The issue remaining to be decided, insofar as whether Plaintiff threw a bag containing a drug back to the back driver side wheel of his car, goes to Defendants' probable cause to make an arrest. There is nothing on the video to show Plaintiff either threw an object towards the back wheel of his car or that a bag fell from his pocket, whether placed there by Plaintiff or Defendant Vaughn.

8

##### ii.     Resisting Arrest and Assaultive Behavior

Defendants similarly argue summary judgment should be granted on this claim because there was sufficient probable cause for Plaintiff's arrest, there is evidence to show he resisted arrest, and to support charges of assaultive behavior. Plaintiff contends the Court should deny summary judgment to Defendants on the resisting arrest charge and for assaultive behavior because the video does not show what happened when Plaintiff was escorted to the police cruiser.

Defendants argue it is undisputed Plaintiff stated "you better remember this face", and other representations of Plaintiff are repeatedly contradicted by the dash cam video. Defendants asseverate it would be appropriate to grant summary judgment because there was probable cause to arrest Plaintiff and his allegations of assaultive behavior are not supported by the record. Plaintiff asserts he never tried to strike Defendant Chandler with his head, and the Defendants used excessive force on him in this incident. [ECF No. 66 at ¶ 22].

"The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston, Tex. v. Hill*, 482 U.S. 451, 461, 107 S. Ct. 2502, 2509, 96 L. Ed. 2d 398 (1987). An "attempt to punish such conduct by broadly criminalizing speech directed to an officer—in this case, by authorizing the police to arrest a person who in *any* manner verbally interrupts an officer" is not permissible *Id.* at 464 n. 11.

It is undisputed Plaintiff uttered a phrase. Plaintiff alleges he said "you better remember my face". [3] [ECF No. 66 at ¶ 22]. Furthermore, Plaintiff makes multiple assertions throughout the video he would be filing a lawsuit against the officers for alleged violations of his civil rights. [ECF No. 51-5]. Plaintiff attempts to justify his animated behavior throughout his arrest, claiming

---

[3] The Court is unclear after reviewing Plaintiff's deposition, the dash cam video, and the Statement of Undisputed Material Facts, when Plaintiff uttered the specific phrase. The Court cannot find an instance of the Plaintiff saying the phrase in the record. The Court does note that it appears Plaintiff tells Defendant Chandler he better "remember his last name" after threatening to sue Defendant Chandler for his alleged rights violations. [ECF No. 51-5 at 17:30]. The Court assumes the line about "remembering his face" was this line about "remembering his last name."

he was being arrested for falsely possessing a controlled substance. However, in the video Plaintiff never stated he would be violent, nor did he make threats of violence to either officer. *Id.* Plaintiff asserted multiple times, in the video, his rights were being violated and he would go to Court to assert these rights. Plaintiff stated he would be suing Defendants Chandler and Vaughn, and thereafter they would be "broke". These are not unprotected "fighting words," but rather the type of free speech protected by the First Amendment. Police Officers are not free from criticism. Finally, this speech was directed only to a single officer, Defendant Chandler. The speech was not heard by any other person, and it does not appear Plaintiff's other previous speech in the police cruiser, recorded by the dash cam, was an attempt to incite violence.

This case bears many similarities to *Buffkins v. City of Omaha*, 922 F.2d 465 (8th Cir.1990), where the Eighth Circuit concluded an individual's reference to the arresting officers as "asshole[s]" was not within the category of "fighting words" excluded from protection of the First Amendment. The Eighth Circuit found "no evidence Buffkins' speech was an incitement to immediate lawless action[,]" particularly considering no one outside an airport interview heard the comment. *Id.* at 472. This case can be distinguished from *McCormick v. City of Lawrence,* because here the Plaintiff was not shouting epithets or was not interrupting an active investigation, but rather speaking to a police officer after he had already been arrested, and only the arresting officer could hear him. *McCormick v. City of Lawrence*, 325 F. Supp. 2d 1191, 1201 (D. Kan. 2004), *aff'd sub nom. McCormick v. City of Lawrence, Kansas*, 130 F. App'x 987 (10th Cir. 2005). See also *Braun v. Baldwin*, 346 F.3d 761, 765 (7th Cir. 2003) (finding a threat to sue was not protected because the threat was made within a courthouse, and disrupted the judicial ambience which is special to a court house.) "The freedom of individuals verbally to oppose or challenge police

10

action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston, Tex.*, 482 U.S. at 462–63.

The Court concludes a reasonable jury may find there were insufficient facts for probable cause for Plaintiff's arrest, based on Plaintiff's testimony and the review of the dash cam video. Therefore Defendants' Motion for Summary Judgment on this claim will be denied.

*B. Plaintiff's claim for violations of Substantive Due Process pursuant to 42 U.S.C. §1983*

Defendants, in their summary judgment motion, argue there is insufficient evidence to support Plaintiff's claim of substantive due process, and the Court should enter summary judgment denying this claim. Plaintiff argues, in his response, there is sufficient evidence to support his claim, and therefore summary judgment is inappropriate. Defendants reply there is insufficient evidence to support a claim, particularly in light of Plaintiff's disputed testimony in the dash cam video.

"The Due Process Clause of the Fourteenth Amendment was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) citing *United States v. Salerno*, 481 U.S. 739, 746 (1987). Conduct which "shocks the conscience" or was so "brutal" and "offensive" it does not comport with traditional ideas of fair play and decency violates substantive due process. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). "Intentionally or recklessly failing to investigate other leads or manufacturing false evidence may shock the conscience and can violate the Fourteenth Amendment's due process clause." *Livers v. Schenck*, 700 F.3d 340, 351 (8th Cir. 2012).

11

Plaintiff alleges Defendant Vaughn manufactured evidence by planting an illegal drug on him, that Defendant Chandler provided false evidence in regards to the resisting arrest and assault charges, and a police report was fabricated. Plaintiff also alleges Defendants provided false testimony at his motion to suppress hearing. Defendants argue they have testimonial immunity in regards to the false testimony accusations, and summary judgment is appropriate for the remainder of the claim since the video contradicts Plaintiff's versions of events. Plaintiff responds he has plead more than sufficient evidence to support such a claim, and therefore summary judgment is inappropriate.

Part of Plaintiff's claim is based on alleged perjured testimony at a motion to suppress hearing in the underlying criminal proceedings in this matter. There is a general rule allowing for immunity of police officers for perjured testimony. *Briscoe v. LaHue*, 460 U.S. 325, 341 (1983). The Supreme Court has also held police officers have immunity with regards to any testimony provided, even grand jury testimony. *Rehberg v. Paulk*, 132 S. Ct. 1497, 1505-6 (2012). As police officers, Defendants have testimonial immunity for their testimony, and while the Court notes the cases cited apply to trial and grand jury testimony, it is not a stretch to apply such a privileged to a testimony at a motion to suppress hearing. See *Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001) (finding police witnesses are accorded absolute immunity from liability for their testimony in judicial proceedings). Therefore Plaintiff's claim cannot be based on Defendants' testimony at the motion to suppress hearing.

Furthermore, the Court recognizes Defendants misplace reliance in their perception a conviction is required to produce a substantive due process claim because Plaintiff has cited multiple cases where a conviction was not required. *Livers v. Schenck*, 700 F.3d 340 (8th Cir. 2012); *Hayes v. Faulkner Cty., Ark.,* 388 F.3d 669 (8th Cir. 2004). Plaintiff has also alleged other

conduct which he believes violates his due process rights, including: Defendants planting drugs on him, Defendants providing false charges, and Defendants fabricating police reports. In any event, the Court must decide whether Plaintiff has pleaded enough evidence to support a substantive due process claim, in light of the dash cam video which contradicts much of Plaintiff's deposition testimony.

The Court has reviewed the dash cam video and cannot conclude the video so clearly refutes Plaintiff's version of the facts to justify granting summary judgment against him. Granting summary judgment for Defendants would require prohibited credibility determinations, not allowed at the summary judgment stage. The Court finds the video along with Plaintiff's testimony, may show a reasonable juror could support Plaintiff's view of the facts. Furthermore, if Plaintiff's is able to prove his allegations, a claim for a violation of his substantive due process rights may be supportable. Other courts have consistently found manufacturing false evidence and false charges "shocks the conscience". *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002); *Riley v. Hessenflow*, No. 11-04253-CV-C-NKL, 2013 WL 139650, at *5 (W.D. Mo. Jan. 10, 2013). Therefore the Court will deny Summary Judgment on Defendants' Motion for Summary Judgment on this claim as well.

*C. Plaintiff's Conspiracy Claim pursuant to 42 U.S.C. §1983*

Defendants argue Plaintiff cannot present a conspiracy claim because he presents no evidence Defendants came to any sort of agreement in regards to his constitutional rights violation, acted in concert with any such agreement, and even if they did, the intracorporate conspiracy doctrine bars Plaintiff's claim. [ECF No. 51 at 7]. Plaintiff argues he has alleged more than enough facts to create the inference of a conspiracy, and has not brought a claim against the City of Saint Louis, but against the two individual Defendants so the intraconspiracy doctrine does not apply.

> "To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff."

*White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). For a conspiracy claim to withstand summary judgment a plaintiff must allege material facts defendants reached an agreement, and while those allegations may include circumstantial evidence, there must be material facts defendants formed an agreement. *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 582 (8th Cir. 2006) (finding there was no conspiracy where officers pursued their investigation on a joint belief the plaintiff was guilty was not an unlawful conspiracy).

Plaintiff alleges a conspiracy exists because both Defendants asserted false claims against him, Defendants reviewed the dash cam footage prior to going to the police station and the dash cam footage is not consistent with Defendant Chandler's police report. [ECF No. 59 at 10]. Defendants allege Plaintiff threw the drugs from the car, and Defendant Chandler admitted he received information from Defendant Vaughn to prepare the report. Similar to *Reasonover*, Plaintiff presents no specific facts which support an agreement between Defendants Vaughn and Chandler. These allegations do not form the basis of a conspiracy, but rather are allegations of individual bad acts by each Defendant.

Plaintiff has not alleged an agreement between the two Defendants, and therefore the Plaintiff cannot meet a quintessential element for a claim of conspiracy. Plaintiff has not sufficiently pleaded a claim of conspiracy and summary judgment in Defendants' favor is appropriate.

### D. Qualified Immunity

Defendants also argue the Court should grant them qualified immunity since their conduct did not remotely violate any of Plaintiff's clearly established constitutional rights. Plaintiff

14

disagrees, as he alleges Defendants were aware their conduct would clearly violate Plaintiff's constitutional rights at the time of the arrest.

An official is entitled to qualified immunity from suit so long as his action "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Eighth Circuit has held the manufacture of false evidence is a clearly established violation of a person's substantive due process rights, based on case law available at the time of the arrest under the 14th amendment. *Moran v. Clark*, 359 F.3d 1058, 1061 (8th Cir. 2004); *Livers*, 700 F.3d at 354.

Plaintiff has plead a claim based on manufacture of false evidence and the creation of false charges against him, and the Court finds, if the facts are supported as Plaintiff has plead them, it is unreasonable Defendants would not have known they were violating Plaintiff's constitutional rights. The Court has found Plaintiff has presented enough evidence a reasonable jury may find in his favor, and therefore the Court declines to grant Defendants qualified immunity on this basis.

*E. Malicious Prosecution*

Defendants argue Plaintiff's claim of malicious prosecution should be time barred, additionally Plaintiff has not presented any competent evidence Defendants acted maliciously and without reasonable grounds, and official immunity bars Plaintiff's claims. Plaintiff responds, Defendants time barred claim is incorrect, because time did not accrue until criminal proceedings terminated in Plaintiff's favor. Defendants reply, acknowledging Plaintiff is correct in his response to a time bar, but fails to address Defendant's arguments that Defendants were acting reasonably and without malicious intent.

Plaintiff has brought a claim for malicious prosecution under Missouri Law, and before the Court can decide such a claim, it must determine whether to exercise supplemental jurisdiction

over this claim. 28 U.S.C. § 1367 provides: "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," with certain exceptions not relevant here. Claims are part of the same "case or controversy" if they "derive from common nucleus of operative fact." *Auto–Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation,* 495 F.3d 1017, 1024 (8th Cir.2007) (internal quotations and citation omitted). When both federal and state claims appear on the face of a complaint, a federal court has jurisdiction over the entire action "whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.' "*Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Additionally, a federal court may, in its discretion, decline to exercise supplemental jurisdiction over a state law claim if: the claim involves complex issues of state law; state law claims predominate over federal claims; all federal claims have been dismissed; or, under "exceptional circumstances," a compelling reason exists to decline supplemental jurisdiction. See 28 U.S.C. § 1367(c)(4). The Court does not believe this claim involves a claim of complex issues of state law, nor do state law claims dominate, nor have all federal claims be dismissed. Therefore it is appropriate for the Court to exercise jurisdiction over this claim.

> "A person suing on a theory of malicious prosecution must plead and prove six elements: (1) the commencement of a prosecution against the plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and (6) the plaintiff was damaged. "

*Sanders v. Daniel Int'l Corp.*, 682 S.W.2d 803, 807 (Mo. 1984). Defendants argue Plaintiff has presented no evidence Defendants acted maliciously and without reasonable grounds to do so. Plaintiff's complaint does specify the alleged malicious nature of the charges against Defendants by stating they are false and baseless. Throughout his response to Defendants' Statement of Material Facts and arguments Plaintiff has stated Defendant Vaughn planted false evidence on him, which the Court has determined a reasonable jury may believe.

Defendants also argue official immunity bars Plaintiff's claims. Generally official immunity prevents public officers, acting within the scope of their official authority, for incurring liability for injuries arising from their discretionary acts or omissions, but allows for liability for torts committed when acting in a ministerial capacity. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 444 (Mo. 1986). "A discretionary act is one that requires the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued." *Bachmann v. Welby*, 860 S.W.2d 31, 33 (Mo. Ct. App. 1993) (internal citations removed). Alleged acts of Defendants are discretionary acts.

Plaintiff's allegations concern manufactured evidence for charges of possession of a controlled substance and for resisting arrest and assault, which are clearly not acts of official duties of police officers. Therefore, the Court rejects Defendants' motion for summary judgment on Plaintiff's claim of malicious prosecution.

Accordingly,

**IT IS HEREBY ORDERED** Defendants' Motion for Summary Judgment is hereby GRANTED in PART and DENIED in part. [ECF No. 50];

**IT IS FURTHER ORDERED** Defendants' Motion for Summary Judgment with respect to Plaintiff's conspiracy claim is GRANTED;

**IT IS FURTHER ORDERED** the remainder of Defendants' Motion for Summary Judgment is DENIED. [ECF No. 50].

So Ordered this 15th Day of August, 2016.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**