UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMEY EDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15CV212ERW |
| RONALD VAUGHAN, et al., | ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' TRIAL BRIEF

Defendants Ronald Vaughan and Kyle Chandler hereby file the following Trial Brief in this cause.

**I.  Plaintiff's False Arrest Claim**

A § 1983 false arrest claim relies on a substantive Fourth Amendment right to be free from unreasonable searches and seizures. *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986). To establish a violation of the Fourth Amendment, Plaintiff must demonstrate a seizure occurred and the seizure was unreasonable. *See Hawkins v. City of Farmington*, 189 F.3d 695, 702 (8th Cir. 1999). However, the existence of probable cause is an absolute defense to a false arrest claim. Probable cause exists if at the moment the arrest is made the facts and circumstances within a police officer's knowledge and of which the police had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the person arrested committed the

crime with which he was charged. *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000). The evidence necessary to support a finding of probable cause is much less than that required to prove guilt. *State v. Tackett*, 12 S.W.3d 332, 339 (Mo.App. W.D. 2000).

The credible evidence will show that Defendants had probable cause to arrest Plaintiff. More specifically, the credible evidence will show that both Defendants observed Plaintiff throw what appeared to be a small plastic bag onto the ground as Officer Vaughan approached the car. Further, Plaintiff later tapped his foot twice in a clear attempt to destroy evidence. Officer Vaughan searched the area where Plaintiff tapped his foot and saw a bag containing a substance appearing to be crack cocaine, but which turned out to be Alpazolam, an anti-anxiety medication that requires a prescription. The video will confirm that Defendants reasonably believed that Plaintiff discarded an article after the stop was made. Consequently, given that evidence, more than enough probable cause existed to arrest Plaintiff for possession of a controlled substance.

Furthermore, the mere the fact that after multiple inspections of a video it appears that there is a significant likelihood that the article picked up from the ground by Officer Vaughan came from Plaintiff's pocket rather than what he threw to the ground, does not change the analysis as what is crucial is whether <u>at the time the arrest was made</u>, the officers had probable

cause to make it. *Id.*

Similarly, the credible evidence will show that the evidence available to the officers supplied sufficient probable cause to arrest Plaintiff for resisting arrest. Officer Chandler and Plaintiff both agreed that Plaintiff, upon being conveyed to the cruiser, told Officer Chandler that you better remember this face, a threat of violence in violation of the Missouri resisting statute. *See* MO. REV. STAT. §575.150. Moreover, with regard to the resisting arrest and assault charges, Vaughan did not provide any information which led to those charges, but rather obtained that information from Officer Chandler. (SUMF ¶ 20-21). Consequently, as a law enforcement officer is entitled to rely on information supplied by the witness to a crime, absent some indication that the information is not reasonably trustworthy or reliable. *Clay,* 815 F.2d at 1168, there is simply no evidence that Officer Vaughan violated Plaintiff's Fourth Amendment rights with regard to the resisting charge.

Furthermore, Plaintiff's testimony regarding the rest of the incident is so thoroughly contradicted by the video that his testimony regarding the head-butt incident cannot be believed. Officer Chandler will testify credibly that Plaintiff attempted to head-butt him while Officer Chandler was attempting to place Plaintiff into the police cruiser. (SUMF ¶22). Plaintiff will dispute this account. However, the clear video evidence refutes Plaintiff's

testimony regarding every other aspect of his encounter with Defendants, and therefore his testimony cannot, and will not be believed

## II.  Substantive Due Process Claim

Similar to the analysis with regard to Plaintiff's Fourth Amendment claim, the credible evidence will establish that Defendants did not fabricate evidence. Officers Vaughan and Chandler observed Plaintiff throw an article to the ground which either was the controlled substance seized as evidence with which Plaintiff was charged or was in the immediate vicinity of the article. Further, the video contradicts Plaintiff's version of events entirely. In addition, the credible evidence will show that Plaintiff attempted to head-but Officer Chandler and Officer Chandler and Plaintiff both agreed that plaintiff upon being conveyed to the cruiser, told Officer Chandler that you better remember this face, a threat of violence in violation of the Missouri resisting statute. Accordingly, the Court should grant summary judgment to Defendants with regard to Plaintiff's fabrication of evidence claim.

## III.  Malicious Prosecution

To establish a claim of malicious prosecution, the plaintiff must show: (1) the commencement of a prosecution against the plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) activation

of the defendant's conduct by malice; and (6) damage to the plaintiff. *Perry v. Dayton Hudson Corp.*, 789 S.W.2d 837, 840 (Mo. App. E.D. 1990). For the reasons stated above, there is no competent evidence that Defendants acted maliciously or without reasonable cause.  Officers Vaughan and Chandler observed Plaintiff throw an article to the ground which either was the controlled substance seized as evidence with which Plaintiff was charged or was in the immediate vicinity of the article.  In addition, Officer Chandler heard Plaintiff threaten him in a manner in violation of the resisting statute. Further, the video contradicts Plaintiff's version of events entirely.

In addition, official immunity bars Plaintiff's malicious prosecution claims. The doctrine of official immunity applies to protect public officials from an action for damages arising from their discretionary acts or omissions while acting within the scope of their authority. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 444 (Mo. 1986).  A discretionary act is one that requires the exercise of reason in the adoption of means to an end and discretion in determining how or whether an act should be done or course pursued. *Bachmann v. Welby,* 860 S.W.2d 31, 33 (Mo. Ct. App. 1993).  Factors to consider include the nature of the officials' duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment and the likely consequences of withholding immunity. *Id.*

5

Moreover, an officer's decision to stop a suspect, to use force to effectuate an arrest, and the determination of what amount of force to use are all discretionary acts. *Parris v. Huttie*, 06-0097-CV-W-SWH, 2007 WL 2434058, at \*9 (W.D. Mo. Aug. 21, 2007).

 

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/Robert J. Isaacson*
Robert J. Isaacson, #38361MO
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri  63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorney for Defendants Vaughan and Chandler*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Samuel Henderson
Henderson Law Firm
1027 S. Vandeventer Avenue, 6th Floor
St. Louis, MO 63110
*Attorney for Plaintiff*

                                                 /s/ Robert J. Isaacson
                                                 Robert J. Isaacson