UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMEY EDEN, | ) |
| | ) Case No. 4:15-cv-00212-ERW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RONALD VAUGHAN, et. al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S TRIAL BRIEF**

Plaintiff Jeremey Eden, by and through his undersigned counsel, hereby files the following Trial Brief in this case.

**I.   Plaintiff False Arrest Claim**

The Fourth Amendment includes the right to be free from arrest without probable cause. Lambert v. City of Dumas, 187 F.3d 931, 935 (8th Cir. 1999).  For an arrest to be valid under the Fourth Amendment, the arrest must be supported by probable cause. "Probable cause exists if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense at the time of the arrest." Smithson v. Aldrich, 253 F.3d 1058, 1062 (8th Cir. 2000).  The subjective intent of the arresting officer is irrelevant. See Whren v. United States, 517 U.S. 806, 813 (1996). Thus, there is probable cause if a reasonable officer, acting on all the information the arresting officer had or could have had after a reasonable investigation, would have been warranted in the belief that the suspect committed the crime alleged. Id.

The credible evidence will show that Defendant did not have probable cause to arrest Plaintiff.  More specifically, the credible evidence will show Defendant Vaughan deliberately

1

dropped a small knotted plastic bag from his hand as if the small knotted plastic bag belonged to Plaintiff. (SUMF ¶ 1). Further, Plaintiff was startled by Defendant Vaughan dropping the small knotted plastic bag, which caused him to tap his feet several times. (SUMF ¶ 7). Plaintiff was not trying or attempting to destroy evidence. Plaintiff did not have any illegal narcotics on his person. Plaintiff has asserted that Defendant Vaughan planted the illegal narcotics and falsely arrested him. In fact, the slow pace video will depict something dropping from Officer Vaughan's hand. (SUMF ¶ 11). Consequently, given that evidence, there was no probable cause to arrest Plaintiff for possession of a controlled substance.

Furthermore, Defendant Vaughan asserted there is a possibility the object fell to the ground during the search of Plaintiff. (SUMF ¶ 15). As a result, Defendant Vaughan asserted there was still probable to make the arrest. However, the evidence will show that Defendant Vaughan did not know whether any object dropped from Plaintiff's pocket. (SUMF ¶ 16). If Defendant Vaughan was not aware of the object, then he would not have any probable cause to arrest Plaintiff. The Court looks to the totality of the facts at the time of the arrest. See Smithson, 253 F.3d at 1062.

Similarly, the credible evidence will show that there was no evidence available to support Defendant Chandler's assertion that probable cause existed to arrest Plaintiff for resisting arrest. Plaintiff never resisted arrest or attempted to strike Defendant Chandler with his head. (SUMF ¶ 20). Instead, the evidence will show that excessive force was used against Plaintiff when he informed officers arriving on the scene that he was being framed with false charges. (SUMF ¶ 24). While in handcuffs, Plaintiff was forced to the ground and was sprayed with mace by officers. (SUMF ¶¶ 24, 25). Plaintiff never made any threats to the officers, but made it known to the officers that he would sue them. Plaintiff ultimately challenged his unlawful arrest by

bringing this lawsuit. A statement as to remember his name is protected by the First Amendment. Specifically, in City of Houston v. Hill, 482 U.S. 451 (1987), the Supreme Court clarified that the First Amendment protects verbal criticism and challenged, including profanity, directed to police officers unless the speech consist of "fighting words," namely, words that themselves inflict injury or incite immediate breach of peace. Id. It is unreasonable for Defendants to assert that the statement from Plaintiff Eden amounted to a threat or a breach of the peace. As a result, the Defendant Chandler had no probable cause to arrest Plaintiff Eden for resisting arrest.

## II.     Substantive Due Process Claim

The Due Process Clause of the Fourteenth Amendment was intended to prevent government from abusing its power, or employing it as an instrument of oppression. Deshaney v. Winnebago County Dept. of Social Services, 480 U.S. 189, 196 (1989). This protection from overarching and abusive executive power is substantive due process. The Fourteenth Amendment guarantees substantive due process, which prevents the government from engaging in conduct that shocks the conscious, or interferes with rights implicit in the concept of ordered liberty. Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998); Weimer v. Amen, 870 F.2d 1400, 1405 (8th Cir. 1989). The Supreme Court noted that the "touchstone of due process is protected of the individual against arbitrary action of government." County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998).

The credible evidence will establish that Defendant Vaughan planted illegal narcotics on Plaintiff Eden and that Defendant Chandler provided false evidence in regards to the resisting and assault charges. The dash video never depict Plaintiff making threats to the officers. Instead, the video depicts Defendant Vaughan's inconsistent version of the facts. First, Defendant

asserted that Plaintiff threw the illegal narcotics toward the rear of the vehicle as he was exiting. After the slow pace video depicted a small object falling to the ground as Defendant Vaughan was searching Plaintiff, Defendant changed his story.  Defendant Vaughan falsely asserted that there is a possibility the object that fell to the ground during the search was the same object he allegedly observed thrown from the vehicle. (SUMF ¶ 15).  Plaintiff admitted that he did open up the car door, but he did not stick his hand out. (SUMF ¶ 18).  An investigator confirmed that what appeared to be a hand was actually a light beam from Defendant Vaughan's flashlight. (SUMF ¶ 19).  Accordingly, the Court should denied Defendants' summary judgment with regard to Plaintiff's fabrication of evidence claim.

### III.     Malicious Prosecution

There is credible evidence to show that Defendants commenced a prosecution against Plaintiff when they falsely arrested him for possession of illegal narcotics and resisting arrest. The Defendants instigated the prosecution by filing a false police report and charging Plaintiff with crimes that he did not commit.  The video contradicts Defendants' version of the events entirely.  As a result, a judge granted Plaintiff's motion to suppress, noting that the officer's credibility was questionable. (SUMF ¶ 33).  The termination of the proceeding was in favor of the Plaintiff when the judge suppressed the evidence and the State dismissed the charges against the Plaintiff.  Defendants' lack of probable cause and the fabrication of false evidence support Plaintiff's claim for malicious prosecution.  Because Plaintiff was falsely arrested, he spent months in jail for a crime that he did not commit with the fear of facing up to seven years in prison.  There is no question that Plaintiff has a valid claim for malicious prosecution.

Nevertheless, Defendants asserted that official immunity bars Plaintiff's claim.  The doctrine of official immunity does not apply in this case because Defendants were clearly not

4

acting with official duties of police officers.  As stated above, Plaintiff will provide credible evidence that Defendants manufactured evidence for charges of possession of a controlled substance and for resisting arrest and assault.

                                        Respectfully submitted,

                                        /s/ Samuel Henderson
                                        Samuel Henderson, MO Bar #56330
                                        Attorney for Plaintiff Jeremey Eden
                                        Henderson Law Firm
                                        1027 S. Vandeventer Avenue, 6th floor
                                        Saint Louis, Missouri 63110
                                        314-775-9798
                                        Hendersa85@hotmail.com

## CERTIFICATE OF SERVICE

I, Samuel Henderson, hereby certify that on this 16th day of August, 2016, a true and correct copy of the foregoing was sent electronically to Mr. Robert Isaacson, Attorney for Defendants on the Court's electronic filing system.

                                        /s/ Samuel Henderson