UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEREMY EDEN,                                )
                                           )
          Plaintiff,                       )
                                           )
     vs.                                   )          Case No. 4:15CV00212 ERW
                                           )
RONALD VAUGHN, et al.,                     )
                                           )
          Defendants.                      )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Ronald Vaughan and Kyle Chandler's

Motion for Bill of Costs. [ECF No. 112].

## I. ANALYSIS

Under Federal Rule of Civil Procedure 54, "[u]nless a federal statute, these rules, or a court

order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing

party." Fed.R.Civ.P. 54(d)(1). "A prevailing party is presumptively entitled to recover all of its

costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir.2005). "The losing party bears the

burden of overcoming the presumption that the prevailing party is entitled to costs ...." *168th and*

*Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir.2007). If the opposing party

objects to the authorized costs, the Court may exercise its discretion to grant or deny costs.

*Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir.1987). Pursuant to 28 U.S.C.

§ 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir.2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern*, 834 F.2d at 140.

Plaintiff in this case testified he was homeless and does not receive assistance from his family or any other means. The Eighth Circuit has held that "a judgment for costs may be made at the end of an [in forma pauperis] case as in any other case." *Scher v. Purkett*, 62 F.3d 1421, *1 (8th Cir.1995) (per curium). "A prevailing party may recover costs as a matter of course, if not precluded by federal law, whether the unsuccessful party is fee-paying or indigent." *Jackson v. Unknown Smith*, 116 F.3d 480, *1 (8th Cir.1997) (per curium). However, the Eighth Circuit has affirmed a trial court's decision to award partial costs, because of a Plaintiff's limited financial resources. *Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983).

The Court concludes Defendants are entitled to costs in this case. Costs are not excessive and in accordance with the costs permitted by federal law. Defendants seek $61.20 for a copy of Defendant Chandler's deposition, $929.50 for deposition costs of Plaintiff, and $48.00 for a copy of Adam Koeln's, deposition transcript. Each of these witnesses testified in this case, and it was reasonable and necessary for Defendants to have taken these depositions. Further, Plaintiff does

not object to any specific costs proposed by Defendants. These costs are enumerated under the

statute, and reasonable, and therefore it is appropriate for Plaintiff to pay such costs.

Accordingly,

**IT IS HEREBY ORDERED** Defendants' Motion for Bill of Costs is hereby GRANTED.

[ECF No. 112] Plaintiff shall pay Defendants' costs in the amount of $1,117.90.

So Ordered this 18th Day of October, 2016.

_E. Richard Webber_

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**